NORA P. WILKERSON, RESPONDENT, v. BAILEY WILKERSON, JR., APPELLANT.*

Springfield Court of Appeals. May 24, 1928.

*Corpus Juris-Cyc References: New Trial, 46CJ, section 69, p. 105, n. 18, 22; p. 107, n. 35; p. 108, n. 39; section 84, p. 129, n. 75.

*Oliver & Oliver* for appellant.

*J. M. Haw* for respondent.

BRADLEY, J.—This is an action for personal injury. The cause was tried to a jury. Verdict and judgment went for defendant. The court sustained a motion for a new trial and defendant appealed.

Plaintiff and defendant are mother and son. Plaintiff and her husband, as the invited guests of the adult son, were riding in the son's automobile, being driven by him, from Charleston, Missouri, to St. Louis, Missouri. While *en route* in the State of Illinois the defendant's automobile collided with another resulting in plaintiff's injuries for which she sues.

The applicable law of Illinois was pleaded and admitted to be as alleged. The negligence alleged and upon which the cause was submitted is that defendant was negligently and carelessly driving his automobile at a greater rate of speed than was reasonable and proper, having regard for the traffic and use of the highway, or so as to endanger the life and limb or injure the property of others. After admitting the law of Illinois to be as alleged, the answer is a general denial, and a plea that may be termed contributory negligence, and a special plea that the negligence of the driver of the automobile

with which defendant's automobile collided was the sole cause of plaintiff's injury. The reply, so far as pertinent here, was a general denial.

J. P. Gallagher owned and was driving the automobile with which defendant collided. Previous to the trial of the cause at bar Gallagher in Illinois sued defendant and his father for damages to his (Gallagher's) automobile. It is disclosed in the record here that Gallagher recovered a judgment against defendant and his father and that this judgment was affirmed, as we understand, by the Court of Appeals in Illinois, but the opinion is not reported.

The trial court specified the grounds upon which the new trial was granted as follows: "Court orders that the verdict rendered herein be, and is, hereby set aside and a new trial granted plaintiff for the reason of the prejudicial remarks of counsel for the defendant as set out in motion for new trial under the first paragraph of the eighth assignment, and for his reference to the trial held in Pulaski county, Illinois, as set out in the second paragraph of the eighth assignment, third paragraph of the eighth assignment, fifth paragraph of the eighth assignment and the first part of the sixth paragraph of the eighth assignment."

The eighth assignment of error in the motion for a new trial charges misconduct on the part of counsel for defendant as follows:

"First. In stating in the presence and hearing of the jury at the beginning of the reading of the deposition of Jacob P. Gallagher that he objected to the reading of said deposition or of any other testimony in the case: 'For the reason that this suit is a fraud upon its face; that it is unnatural and contrary to the laws of nature and of man;' and

"Second. In repeatedly reading in the jury's presence questions indicating to the jury that the attorney who represented Jacob P. Gallagher in the suit of said Gallagher v. Bailey Wilkerson, Sr., and Bailey Wilkerson, Jr., tried in Pulaski county, Illinois, was a negro and the majority of the jurors who tried said cause were negroes, some of said questions having been read to the jury after the court had sustained objections to said line of evidence and after the court had rebuked said attorney for having read the same or similar questions; and

"Third. In stating at the beginning of the reading of the deposition of John Roach, in the presence and hearing of the jury, after the court had sustained the objection to the making of a similar statement, made by said counsel, when Gallagher's deposition was read: 'We now object to the introduction of any evidence in this case for the reason that the case is a fraud upon its face and shows that it was conceived in sin and born in iniquity and has no merit

upon its face and is an attempt to recover damages by misuse of the courts of justice;' and

"Fifth. In reading the questions to witness Roach in the presence and hearing of the jury: 'Mr. Roach, do you know who is bringing this suit and against whom it is?' and 'Has it ever come under your observation any other suit for money damages of a mother bringing suit against her son?' and

"Sixth. In making the following statements to the jury in his argument: 'There is something wrong about this lawsuit, gentlemen. Here's a mother who is suing her own flesh and blood, he who lives with her in her own home; there is something wrong about it somewhere, and you gentlemen have a right to draw your own inferences.'"

The deposition of Gallagher was taken on behalf of plaintiff. At the outset of the trial plaintiff's counsel started to read this deposition to the jury. Defendant's counsel thereupon objected to the introduction of evidence on the ground that the petition did not state a cause of action and for the further reason "that this suit is a fraud upon its face; that it is unnatural and contrary to the laws of nature and of man." At the conclusion of the objection counsel for plaintiff stated: "I submit that statement is unfair and counsel knows it, and I ask that the jury be directed to disregard it." The court, ruled: "The court will direct the jury to disregard that statement—that it is contrary to nature and contrary to the law of man."

As to the second subdivision of the eighth assignment in the motion for a new trial the record shows that plaintiff's counsel asked his witness Gallagher about the Illinois case against defendant and his father, said suit growing out of the same collision as involved here. On this subject the record shows:

"Q. Who brought the suit? A. I brought the suit.

"Q. Against whom? A. Against Bailey Wilkerson, Sr., and Bailey Wilkerson, Jr.

"Q. And that was a suit for damages growing out of this collision, wasn't it? A. Yes, sir.

"Q. Who won?

MR. OLIVER: We object to that; that is not the best evidence and is incompetent.

"THE COURT: Overruled.

"MR. OLIVER: Exception.

"A. The decision was in my favor."

The evidence, just quoted, of the witness Gallagher was brought out by counsel for plaintiff on redirect examination. On recross-examination the record shows:

"Q. Now, who was your lawyer in that suit? A. Mr. Charles Rice,

1248

"Q. He is a negro, isn't he?

"Mr. Haw: I object to that as immaterial.

"The Court: Sustained.

"Mr. Oliver: Exception."

After the objection last above was sustained counsel for defendant, out of the hearing of the jury so the record shows, made the following offer:

"We offer to show by these depositions that the lawyer who represented Mr. Gallagher in that lawsuit was a negro, and that seven of the twelve jurors were also negroes, as shown by the deposition, at least over half of them." The court made no ruling on the offering.

As to the ground set up in the third subdivision of the eighth assignment in the motion for a new trial the record shows that when plaintiff's counsel had begun the reading of the deposition of John Roach, who was riding in the automobile with Gallagher at the time of the collision, counsel for defendant made this objection:

"We now object to the introduction of any testimony in this case for the reason that the case is a fraud upon its face and shows that it was conceived in sin and born in iniquity, and it has no merit upon its face, and is an attempt to recover damages by misuse of the courts of justice, and for the further reason plaintiff's petition failed to state facts sufficient to constitute a cause of action against this defendant."

At the conclusion of the objection counsel for plaintiff said:

"An objection to this statement was sustained, and I now ask the court to rebuke counsel for defendant for making that kind of statement."

The court ruled as follows: "Court will direct the jury to disregard this statement of counsel. This part of the objection the court will direct the jury to disregard and not consider it, as it is not a legal objection, 'We now object to the introduction of any testimony in this case for the reason that the case is a fraud upon its face and shows that it was conceived in sin and born in iniquity, and it has no merit upon its face, and is an attempt to recover damages by misuse of the courts of justice.' Court will direct the jury to disregard it and forget and not pay any attention to it."

As to the ground set up in the fifth subdivision of the eighth assignment in the motion for a new trial the record shows that counsel for defendant on cross-examination of plaintiff's witness Roach asked him if he knew who was bringing this suit. Witness answered that he understood that Mrs. Wilkerson brought the suit "against her boy." The record shows this:

"Q. Has there ever come under your observation any other suit for money damages of a mother bringing suit against her son?

"MR. HAW: If the Court please, I object to that.

"THE COURT: Yes; sustained."

As to the ground set up on the first part of the sixth subdivision of the eighth assignment in the motion for a new trial the record shows that counsel for defendant concluded his argument to the jury by using the following language:

"There is something wrong about this lawsuit, gentlemen; here's a mother who is suing her own flesh and blood, he who lives with her in her own home. There is something wrong about it somewhere and you gentlemen have a right to draw your own inferences."

Concerning the objection to the argument quoted the record shows:

"MR. HAW: I am objecting to that line of argument. If there is anything in this lawsuit concealed, the other side has concealed it.

"THE COURT: Go on, gentlemen, there's the case. You have both tried it and made it.

"MR. HAW: I except to the failure of the court to rule on my objection."

Regarding the first ground assigned by the court in granting the new trial the record shows that plaintiff's request was granted and the jury was instructed to disregard the language of counsel for defendant—that the suit was contrary to nature, etc. It is true as appears, supra, that the court, in directing the jury as to the language to be disregarded did not in his direction specify all the objectionable language counsel for defendant used, but counsel for plaintiff did not except to the ruling made; did not make further request; did not ask that counsel be rebuked or that the jury be discharged. He, so far as appears, seemed to be satisfied with the ruling of the court. In such situation error cannot be supported on the first ground assigned by the trial court in granting the new trial. [Ingram v. Poston, 260 S. W. (Mo. App.) 773; Edwards v. Smith et al., 286 S. W. (Mo. App.) 428; Torreyson v. United Rys., 246 Mo. 696, 152 S. W. 32; Dittmeier Real Estate Co. v. Southern Surety Co., 289 S. W. (Mo. Sup.) 877.]

As to the second ground assigned for granting the new trial the record shows that plaintiff, over objection and exception, was permitted to prove that the Illinois case went against defendant. It is not contended that such evidence was competent. After plaintiff had been permitted to establish that Gallagher was successful in his suit against defendant in Illinois, defendant's counsel sought to prove that Gallagher's lawyer in the Illinois case was a negro, and that a majority of the jury were negroes. Objection was made and the objection was sustained and properly so. Counsel for plaintiff again failed to save exception to the manner in which the court ruled and failed to make any further objection or request concerning the matter. Hence, according to the cases above cited, the court was not

justified in granting a new trial on the ground that defendant's counsel asked Gallagher if his counsel in the Illinois case was a negro. Plaintiff's counsel endeavors to justify his asking Gallagher about the Illinois suit on the ground that counsel for defendant had theretofore interrogated Gallagher about his suit against defendant and his father. It is true that defendant's counsel had asked Gallagher if he testified in the Illinois case, but such certainly would not open the door for proving the result of that case.

It will be noticed by reference to the second ground assigned by the court for granting the new trial that all of the alleged facts in the second subdivision of the motion are included. The record, as above shown, discloses that what counsel for defendant said as to a majority of the jurors in the Illinois case being negroes was said in an offering made out of the hearing of the jury. There can be no contention that this offering was prejudicial if it was not heard by the jury.

What we have said regarding the first ground assigned by the trial court for granting the new trial is equally applicable to the third ground. The record shows that the court sustained the objection to the language used by defendant's counsel in making the objection. Counsel for plaintiff in his objection also asked that counsel for defendant be rebuked for using the objectionable language and the court failed to rebuke, but counsel for plaintiff saved no exception to the failure to rebuke or rule further.

As to the fourth ground assigned by the court for granting the new trial the record shows as above set out that defendant's counsel asked the witness Roach if he knew who was bringing the suit and Roach stated that he understood that plaintiff was suing her son. Then counsel for defendant asked the witness if a suit for money damages by a mother against her son had ever come under his observation. Plaintiff's counsel merely stated that he objected to that. The objection was sustained. Similar objections have been held to be insufficient to preserve a point for review. [Fuller v. Robinson, 230 Mo. 22, l. c. 50, 130 S. W. 343.] We are clear that the fourth ground assigned by the court for granting the new trial is not substantial.

We come now to the fifth and last ground assigned as a reason for granting the new trial. The argument for both sides appears in full in the record and we have set out above the argument of counsel for defendant upon which the fifth ground for granting the new trial is based. But for the convenience of the reader we repeat it here. The court told defendant's counsel that his time had expired. Counsel replied: "Just a moment; take out the time I have been interrupted," and then addressed the jury as follows: "There is something wrong about this lawsuit, gentlemen; here's a mother

who is suing her own flesh and blood, he who lives with her in her own home. There is something wrong about it somewhere and you gentlemen have a right to draw your own inferences.''

To this argument objection, ruling and exception occurred as follows:

"MR. HAW: I am objecting to that line of argument. If there is anything in this lawsuit concealed, the other side has concealed it.

"THE COURT: Go on, gentlemen, there's the case. You have both tried it and made it.

"MR. HAW: I except to the failure of the court to rule on my objection."

It appears that before the trial proper was commenced and before the jury was selected, the panel was excluded from the court room and plaintiff offered evidence as to "who is the defendant in this case." From this evidence it was shown defendant carried liability insurance and that the adjuster, Mr. Hiller, was then present. It was also shown that counsel for defendant were employed in the cause by the insurance company. The inference is that when counsel for defendant was branding the lawsuit as unnatural and a fraud upon its face, and suggesting that "something was wrong," he had in mind the idea that a mother would not likely sue her son for personal injury unless there was another to pay the bill, and under the setting of the trial this implication was likely grasped by the jury.

The defense of substance was that plaintiff's injury was solely due to the negligence of Gallagher, and this defense was submitted and argued, but at intervals throughout the trial the jury was reminded that the lawsuit was a fraud and unnatural and that something was wrong. We have held that, under the record made and standing alone, each of the first four grounds assigned by the court for granting the new trial was not sufficient. It will be observed that as to the fifth ground, argument of counsel, the court by the remark made indicated approval of the argument complained of. Counsel in this instance saved exception. There was nothing in this cause which indicated fraud or bad faith. The fact that defendant had liability insurance may have been the chief cause which moved plaintiff to sue her son, but if such be fact it would not, on its face, indicate fraud. Plaintiff had the legal right to sue her son if she was injured because of his negligence, and since she did sue him the cause should be tried as though the parties were strangers in the blood. As stated there was nothing shown to indicate fraud, bad faith or collusion and the argument complained of was improper. [Jackson v. Railroad, 206 S. W. (Mo. App.) 244; Stroud v. Doe Run Lead Co., 272 S. W. (Mo. App.) 1080.]

We have disposed of all questions necessary. If this cause is re-tried it should be tried as any other cause without suggestions of bad faith, fraud, collusion or insurance. The order and judgment of the trial court in granting a new trial should be affirmed and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.