**Virginia Louise HARTLEY, Appellant,**

**v.**

**Honey STEIMAN, Respondent.**

**No. 51642.**

Supreme Court of Missouri, Division No. 2.

Nov. 14, 1966.

Richard F. Adams, Winger, Nugent, Rayburn & Adams, Kansas City, for appellant.

E. E. Thompson, Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for respondent.

BARRETT, Commissioner.

On January 8, 1963, at 7:50 a. m., the appellant Virginia Hartley and the respondent Honey Steiman were involved in a collision of their respectively driven automobiles at the intersection of 71st Street Terrace and Ward Parkway. Upon this appeal the details of the occurrence are not too important, it is sufficient to say that Mrs. Hartley was eastbound on 71st Street Terrace to Ward Parkway and Mrs. Steiman was traveling north on Ward Parkway at a speed of approximately 20 miles an hour when their automobiles collided in the intersection. Mrs. Hartley claiming $75,-200 damages submitted her right to recover upon the single hypothesis that "defendant failed to keep a careful lookout." And conversely the respondent Mrs. Steiman submitted her case and defense upon the hypothesis that plaintiff "failed to keep a careful lookout." The jury returned a verdict for the defendant Steiman and Mrs. Hartley has appealed.

Her sole claim of error and right to a new trial is that the court erred in overruling her "objections to the prejudicial argument of defendant's attorney." It is said that the argument was improper because "it referred to an issue that had not been submitted to the jury by the court's instructions and which had been voluntarily abandoned by defendant." Furthermore, it is said that the court's ruling in the presence of the jury "sanctioned and approved such improper argument and led the jury to believe that they might base their argument upon an issue which had not been submitted to them by the court's instructions and thereby constituted reversible error." In short, the point is that both plaintiff and defendant submitting their respective theories upon "failure to keep a careful lookout" the appellant contends that there was manifest prejudicial error entitling her to a new trial in this court when defendant's counsel argued the subject of right-of-way and in so doing referred to Section 58.390 of Kansas City's traffic code.

At the outset it is assumed that "jury arguments which are outside the submitted issues and calculated to mislead and prejudice, or which urge a theory of claim or defense which the evidence does not justify, or which conflict with the trial court's instructions in submitting the issue, should not be permitted." Moss v. Mindlin's, Incorporated, Mo., 301 S.W.2d 761, 766. It does not necessarily follow as a matter of course in every case, however, merely because a matter outside the submitted issues has been argued, that a new trial will be granted. Primmer v. American Car & Foundry Co., Mo.App., 299 S.W. 825. In the first place the argument complained of here was not so vituperative, personal and manifestly inflammatory

as to require a new trial even in the absence of proper and sufficient objections to the argument or exception to the court's tacit approval. Critcher v. Rudy Fick, Inc., Mo., 315 S.W.2d 421; Butcher v. O'Connor, Mo., 401 S.W.2d 490; Prague v. Eddy, 358 Mo. 327, 214 S.W.2d 521. Another and significant factor overlooked by the appellant, in view of the type of argument complained of, is that here the trial court considered these contentions when it ruled on the motion for a new trial and therefore she is not in the more favorable position she might have occupied had the court sustained her motion and granted a new trial. Primmer v. American Car & Foundry Co., supra; Robbins v. Brown-Strauss Corp., 363 Mo. 1157, 257 S.W.2d 643; Wilkinson v. Wilkinson, 222 Mo.App. 1244, 8 S.W.2d 77. As stated, here the court denied the motion for a new trial and assuming that the argument was improper the question is whether the court abused its discretion. Moss v. Mindlin's, Incorporated, supra; Snell v. Overfelt, Mo.App., 307 S.W.2d 716.

The problem arose in this background: At the conclusion of all the evidence and on the morning of the third day of trial defendant's counsel offered in evidence Section 58.390 of the traffic code. Plaintiff's counsel inquired: "That is the *entire* Ordinance?" Defendant's counsel said it was and plaintiff's counsel said, "No objection." Defendant's counsel then proceeded to read "Section B" of the ordinance to the jury. In part that section required vehicles to stop at a stop sign and to "proceed carefully and cautiously, yielding to vehicles not so obliged to stop which are within the intersection." Plaintiff's counsel asked to see the section, there was colloquy as to sections "A and B," defendant's counsel offered to read the whole section and finally plaintiff's counsel said, "I wonder if you would mind reading 'A' too," and defendant's counsel read that section to the jury.

In plaintiff's opening argument her counsel told the jury that the case was simple "we've only got the one issue in it, and that is lookout." Then plaintiff's counsel said "This is not a case of right of way. Now, there is no question of right of way in this case. The Court has instructed you the only issue in this case is lookout. Now, just keep that in mind, lookout; nothing about right of way." After defendant's counsel had argued at some length he said to the jury that plaintiff's counsel "states that the right of way is not involved in this case" and after some colloquy the court said "(t)he objection is overruled." Defendant's counsel proceeded to argue concerning the ordinance and said among other things that the ordinance "states that when you start up from a Stop sign, you must proceed carefully and cautiously and keep a careful lookout to vehicles that are so close to the intersection as to constitute an immediate hazard." Then as to argument, qua argument, plaintiff's counsel had the last word: "Well, gentlemen, I want to point out one other thing. There's no evidence of any violation of an Ordinance. That Ordinance says that if you have—if you are at an intersection, and if you have got the Stop sign, you have the right to enter this intersection if there is nothing approaching the intersection that presents any hazard to you." And again he said, "Now, this is not the issue in the case."

But of greater significance here is just precisely what occurred when defense counsel first mentioned the ordinance. This is the entire colloquy:

"MR. NUGENT: (Plaintiff's counsel) Now, Your Honor,—

"MR. MILLIN: (Defendant's counsel) —decided whether they could—

"MR. NUGENT: Now, just a minute, Mr. Millin.

"MR. MILLIN: May I have this time?

"THE COURT: Yes, you may.

"MR. NUGENT: Now, the Court did not instruct on this. Mr. Millin knows—

"MR. MILLIN: I didn't say he did.

"THE COURT: The Court did not instruct, but it was offered in evidence.

"MR. MILLIN: Right, it was offered in evidence, if you please, and it was admitted in evidence, both Sections that they wanted to read. They didn't read it. And it states a person stopping at a Stop sign must proceed—

"MR. NUGENT: Just a minute. Your Honor, my objection—

"MR. MILLIN: Your Honor, I submit—

"THE COURT: The objection is overruled, and you will have your additional time."

And then as indicated, defendant's counsel proceeded to discuss the ordinance.

This is not to say whether in any event the ordinance was or was not admissible, there not only was no objection to it plaintiff's counsel requested the reading of the entire ordinance. Also the problem is not involved upon the appeal and there is no necessity to comment on counsel's request, "May I have this time?" The thing that stands out in all this colloquy, as so often happens, is that in point of fact there was no proper objection to defense counsel's argument, at best it amounted to no more than a general objection (Hancock v. Crouch, Mo.App., 267 S.W.2d 36; Donley v. Hamm, Mo., 98 S.W.2d 966) and there was not so much as an exception to the trial court's ruling. The matter complained of not being manifestly inflammatory, the ordinance being admitted by consent and not being completely irrelevant, had there been a timely, specific objection "the matter could have been removed by a request that the court instruct the jury to disregard the same, which was not done." Moore v. Kopp, Mo., 400 S.W.2d 176, 182. Or as was said in Stewart v. Boring, Mo., 312 S.W.2d 131, 135, "When argument is not so manifestly improper there is a discretion in the trial court and there must be timely objection, successive requests for specific

action and specific assignment in the motion for a new trial." And finally, in the total context of the trial, the argument was not wholly outside the issues, there was an entirely inadequate objection to it, and it was neither so misleading nor inflammatory nor otherwise objectionable as to compel the granting of a new trial by this court. RSMo 1959, § 512.160(2); Civil Rule 83.13(b); Stewart v. Boring, supra; Silverstein v. St. Louis Public Service Co., Mo., 295 S.W.2d 37, 42; Collins v. Cowger, Mo., 283 S.W.2d 554. And accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.