STATE of Missouri, Respondent,

v.

James Richard RUSSELL, Appellant.

No. 51047.

Supreme Court of Missouri,

Division No. 2.

Nov. 8, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Norman A. Selner, Special Asst. Atty. Gen., Clayton, for respondent.

Forrest Boecker, St. Louis, for appellant.

STORCKMAN, Judge.

The defendant was convicted of the offenses of second-degree burglary and of stealing. Sections 560.070 and 560.156, RSMo 1959, V.A.M.S. At a hearing out of the presence of the jury, the court found that the defendant had been previously convicted of a felony as charged in the amended information. Section 556.280. The defendant was represented at the trial as he is here by counsel of his own choice. After his motion for a new trial was overruled, the defendant was sentenced to concurrent sentences of four years on each of the two convictions.

On this appeal the defendant has briefed four allegations of error relating to admission of evidence of his confession, the overruling of his motion for a continuance, remarks of the court regarding the presentation of the state's case, and the admission of certain other evidence.

Since the sufficiency of the evidence to support the conviction is not challenged, a brief statement of the evidence will suffice. Edward Boeschenstein, the owner and operator of a hardware store at 6925 Gravois in the City of St. Louis, closed and locked all doors and windows when he left his place of business at about 5 p. m. on February 22, 1964. There was a small amount of money left in the cash register and safe. When he went back to the store at about midnight in response to a call, the store had been broken into, the money was gone, and some guns had been moved to a bench near the rear door. Three police officers had gone to the store in response to a radio call at about midnight. They were Frank Rebesa, Joseph Burns, and Leonard Wehrle. Officer Rebesa went to a parking lot in the rear of the store and found the rear door had been jimmied and forceably opened. Shortly after Officers Burns and Wehrle stationed themselves at the front of the store, a man inside who proved to be the defendant kicked the glass out of the front door and backed through the opening. The defendant was arrested immediately and searched. He was wearing gloves and had in his possession about $36 in silver coins, a flashlight and a glass cutter. Another man found hiding inside the store was arrested and jointly charged with the defendant, but they were tried separately.

The defendant made some incriminating statements shortly after he was arrested. The next morning he was interrogated by Arthur Friedman, an assistant circuit attorney, in the presence of Mr. Boeschenstein and a police officer. The defendant made a statement in which he admitted breaking and entering the store and taking the money mentioned. He described in considerable detail the circumstances surrounding the commission of the offense. The statement was taken on a tape recorder and later transcribed. The defendant did not sign the written transcript and it was not read to the jury, but witnesses testified to admissions and declarations made by the defendant. To the extent necessary, further details of the evidence will be discussed in connection with the points relied on by the defendant.

The defendant's first contention is that the court erred in overruling his "motion to strike his confession, on the showing that

he had no advice of counsel and was not advised of his right to counsel." In this connection the defendant relies chiefly on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. Both the appellant and the respondent cite cases from other jurisdictions decided subsequent to and in the light of Escobedo. In some of the cases, confessions were held to have been properly obtained and in others not. The cases need not be discussed because the decision in each case depends on its special circumstances and this court has previously considered the force and effect of Escobedo.

The facts in Escobedo briefly were that the defendant was arrested suspected of murder and was interrogated while in custody at police headquarters and a confession was obtained. Before and during the interrogation, Escobedo made several requests to see his lawyer who was in the headquarters building and who persistently sought to see his client but was denied access to him. Furthermore, Escobedo was not advised by the police of his right to remain silent. There was also evidence of aggravated procedures in connection with the questioning. The Supreme Court of the United States held under the circumstances that no statement extracted from Escobedo during the interrogation could be used against him at the trial because of violations of his constitutional rights. The Supreme Court of Missouri has had occasion to consider the Escobedo case and stated that "we will not expand that ruling beyond the facts of that case where Escobedo had a lawyer employed who was trying to see him and was not permitted by the police to do so." State v. Howard, Mo., 383 S.W.2d 701, 703.

There is not the slightest evidence in the present case that the statement was involuntary or the result of any sort of coercion. There was no testimony by the defendant and no hearing was requested out of the presence of the jury. The state's evidence showed affirmatively that the defendant was advised of his constitutional right to remain silent and was warned that what he might say could be used against him. There was testimony by the assistant circuit attorney who did the questioning which might be construed that the defendant was not asked "whether he wanted the advice of a lawyer".

The evidence demonstrates that the defendant was caught red-handed, breaking out of the store he had burglarized with the loot in his possession. His statements would not appear to be unexpected. Shortly after his arrest, the defendant admitted that after he and his companion spent several hours drinking in a tavern across the street from the hardware store, they went over and broke into the store hoping that they could obtain something which they could sell. This testimony came in without objection. About ten hours after his arrest, another statement was taken. Testimony concerning this statement was given by an assistant circuit attorney and at the conclusion of his testimony, defendant's counsel made this motion which the court overruled: "If the Court please, on the basis of the cross-examination, I move that all the narration by this witness as to what this defendant said on this occasion be stricken as an improper statement under the Constitution."

The defendant was properly advised in accordance with Amendment Five to the Constitution of the United States that he could not be compelled to be a witness against himself. Escobedo was not so advised. Amendment Six provides that an accused shall enjoy the right to have the assistance of counsel for his defense. The most that counsel could have done at the time in question was to advise the defendant to remain silent, but the defendant had already been advised of that right. Furthermore, he had had a previous brush with the law and probably knew of that right as well as his rights with respect to counsel. In any event, there is no showing that the defendant requested counsel which further distinguishes this case from Escobedo.

■ Under the facts and circumstances of this case, Escobedo is not controlling and the trial court did not err in overruling defendant's motion to stike the testimony regarding his confession. See State v. McCollum, Mo., 377 S.W.2d 379, 384 [9].

When the defendant was arraigned on April 16, 1964, he was represented by counsel. The original counsel never withdrew, but on June 8, 1964, when the case was set for trial, an additional attorney entered his appearance and filed a motion for a continuance on the ground that the defendant was under psychiatric treatment and the psychiatrist's opinion as to defendant's criminal responsibility was necessary in order for counsel to advise the defendant "what position to take in this case." The motion referred to an attached certificate of the doctor, but there is no such certificate in the record. Another stated ground for the continuance was that the second attorney was employed on June 3, 1964, and needed additional time to investigate the case and take depositions if necessary. The defendant contends that the trial court abused its discretion in overruling the motion for continuance. No authority is cited in support of the contention.

■ Eight witnesses were endorsed on the amended information, but only five were used by the state. Of the five called, three of them, the police officers, were not cross-examined by the defendant. There is no proof of the allegations of the motion and the record does not indicate any lack of preparation or disadvantage to the defendant attributable to the refusal of the continuance. The application for continuance was addressed to the sound discretion of the trial court and no abuse of discretion has been shown. State v. Le Beau, Mo., 306 S.W.2d 482, 486 [5]; State v. Arrington, Mo., 375 S.W.2d 186, 189 [2]; State v. Harrison, Mo., 285 S.W. 83, 85 [1]. The contention is denied.

When the state sought to have the assistant circuit attorney read the typewritten transcript of the defendant's statement taken by tape recording on February 23, 1964, the defendant objected and the discussion was further continued out of the hearing of the jury. During this discussion with counsel, the court expressed doubt that the witness was qualified to testify that the unsigned transcript was a completely accurate, word-for-word account of what was said at the interrogation. The court further stated his view that the transcript should not be introduced in evidence or read to the jury and suggested that the witness could testify to his recollection and the defendant could then cross-examine using the transcript if he desired. The defendant's objection to the witness reading the transcript to the jury was sustained. Thereupon the defendant objected that the court was advising and counselling the circuit attorney and moved for a mistrial which was denied.

■ The advice or counselling complained of was not made in the presence of the jury and there is no charge that the defendant was prejudiced with the jury. Nor can it be said that the court abandoned its judicial role and became an advocate. The statement and suggestion were made during the discussion of an objection and were made for the purpose of avoiding error in the presentation of the evidence. The court was in the pursuit of its proper functions in discussing the matter out of the presence of the jury and making suggestions for proper procedure. State v. Brookshire, Mo., 353 S.W.2d 681, 688 [18]; State v. Moore, Mo., 303 S.W.2d 60, 68 [10]; State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765, 769 [9]. The claim of error is denied.

In an area at the rear of the hardware store, four motor vehicles were parked when the police arrived. Officer Burns testified that after the defendant's arrest he was questioned about the automobiles. Over defendant's objection to the form of the question on the ground that relevancy had not been shown, the officer testified that the defendant stated that he had driven his automobile to the parking area and two

of the vehicles were involved. The following then occurred:

"Q Did you make—or, did you search these vehicles at any time? A Yes, we did.

Q And where did you search them? A At the store.

Q Would you tell the court and jury what you found in the vehicles? A There was a black case containing a walkie talkie radio in the Ford Falcon along with some rolls of pennies. And there was a walkie talkie and various tools in the truck. There were also tools in the Ford.

"MR. BOECKER: Now, I am going to object to the receipt of this testimony in response to this question. Obviously counsel must have known that the answer would be entirely irrelevant to the issues in this case and prejudicial to this defendant. There is nothing in the charge about a walkie talkie; nothing in the evidence to support evidence of rolls of pennies in this automobile, or in the information or the opening statement, and ask the Court to declare a mistrial because of the prejudicial statement that Counsel has intentionally introduced before the jury."

The court then called the attorneys to the bench and out of the hearing of the jury interrogated counsel for the state about the relevancy of the articles found and was informed the pennies had no connection, but it was believed that there might be an attempt to use the walkie talkie radios that night. The court indicated that it did not consider the articles relevant but also observed that defendant had delayed making his objection purposely. Then, back within the hearing of the jury, the court instructed the jury and ruled as follows: "Now, members of the jury, the Court as a matter of law rules there is absolutely no connection between anything found in the car and this case. And you are instructed to disregard, wholly disregard it, and the answer of the Officer as to what was found in the car is

stricken and the jury is instructed to disregard it. Motion for a mistrial is overruled." This concluded the testimony of Officer Burns.

 On the whole record we doubt that the incident had any serious import, but certainly any possible prejudice in the minds of the jury was eliminated by the court's forthright instruction to disregard the testimony; the court did not err in overruling the motion for a mistrial. State v. Rose, Mo., 366 S.W.2d 308, 310 [2]; State v. Nasello, 325 Mo. 442, 30 S.W.2d 132, 140 [31, 32].

We have considered all questions presented by the defendant and find them to be without merit. We have also examined the parts of the record and entries designated in S.Ct. Rules 28.02 and 28.08, V.A.M.R., and find them to be in proper form and free from error.

The judgment is affirmed.

All of the Judges concur.