**STATE of Missouri, Respondent,**

v.

**Calvin NEAL, Appellant.**

**No. 51938.**

Supreme Court of Missouri,
Division No. 2.

June 12, 1967.

Motion for Rehearing or to Transfer to Court en Banc Denied July 10, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Frank P. Motherway, Special Ass't Atty. Gen., St. Louis, for respondent.

Edwin D. Akers, Jr., St. Louis, for appellant.

DONNELLY, Judge.

Appellant, Calvin Neal, was convicted of first-degree robbery by means of a dangerous and deadly weapon under § 560.120 RSMo 1959, V.A.M.S., by a jury in the

Circuit Court of the City of St. Louis, Missouri, and his punishment was assessed at imprisonment in the State Department of Corrections for a term of twenty years. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

Appellant does not question the sufficiency of the evidence. The record justifies the following recitation of facts: On May 26, 1965, at between 1:00 and 1:30 in the afternoon, two men entered the office of the Arrow Loan & Finance Company in the City of St. Louis. Each man was armed with a pistol and each wore a handkerchief across his face. They asked an employee where the money was located. She told them and the money was taken. The two men then backed out of the building, got into a black Cadillac automobile, and drove away. One of the employees of the loan company testified that appellant was driving the Cadillac as it left.

As the Cadillac was leaving the premises an employee of the loan company watched it drive west on Berthold Avenue and then got into another car and attempted to follow it. Within a few minutes after the robbery this employee found the car abandoned behind a warehouse building a few blocks west of the loan company on Berthold Avenue and informed a policeman who was in the area.

Another witness saw the Cadillac park across the street from his place of business and saw two or three persons get out of the car and get into another car which was parked nearby. The witness described the second car as being either a Dodge or a DeSoto and stated that this car drove off in an easterly direction along Berthold Avenue. This witness took the license number of the car and informed a police officer who came to the scene a few minutes later.

Sometime between 1:00 and 2:00 o'clock P.M. appellant was observed at the intersection of Clayton and Oakland near Hampton Avenue. He was walking west on Oakland near the intersection of Clayton with a woman and one other man. He hailed down a passing car driven by a man named Campbell and offered Campbell some money if he would take them back with a can of gasoline. At a filling station at the corner of Clayton and Oakland appellant bought a can of gasoline and he and his companions got into the car with Campbell and proceeded east on Oakland. About ten minutes later appellant returned to the station in the car driven by Campbell. His companions returned to the station in a DeSoto and asked the station attendant to apply the deposit which had been paid on the gas can toward the purchase of more gasoline for the DeSoto. Almost immediately thereafter a police car pulled into the station and appellant was arrested. The DeSoto automobile hurriedly left the station and drove east on Oakland. Shortly thereafter the Desoto was stopped by police officers and its three occupants (Dean Johnson, Gloria McIntyre and Guren Kenner) were arrested. They were conveyed to a police station in a cruiser and two pistols were found in the cruiser after it arrived at the station.

Three employees of the loan company identified appellant as one of the two men who came into the loan company office and committed the robbery.

Appellant first aserts error in the giving of Instruction No. 1 because said instruction submitted dual theories of conviction in the conjunctive. The instruction reads in part as follows:

"In this connection, you are instructed that if, upon consideration of all the evidence in this case, and in the light of the Court's instructions, you find and believe from the evidence, beyond a reasonable doubt, that at the City of St. Louis, Missouri, on the 26th day of May, 1965, the defendant, Calvin Neal, either acting alone or jointly with another, and by

means of a dangerous and deadly weapon in the form of a pistol, and by force and violence to the person of Louis H. Budke, and by putting him in fear of an immediate injury to his person and against his will did rob, steal, take and carry away from the presence and possession of Louis H. Budke $589.14, * * *."

Appellant concedes there was evidence to support the theory that Louis H. Budke was put "in fear of an immediate injury to his person" but asserts there is no evidence to support a finding of "force and violence to the person of Louis H. Budke."

■ Appellant acknowledges the statement made in State v. Reeder, Mo.Sup., 394 S.W.2d 355, at 358, where this Court said: "The crime of robbery in the first degree may be committed by either of the two ways indicated (by violence to the person or by putting the person in fear of some immediate bodily harm), State v. Burns, Mo.Sup., 280 S.W.2d 119, 122 [3], or by both. It is not necessary that there be proof of both of the ways alleged, but only that there be proof of at least one. State v. Thompson, Mo.Sup., 299 S.W.2d 468. Where there is substantial evidence of the one but not of the other and both alternatives are submitted in the conjunctive there is no error, because in that case the instruction is more favorable to the defendant than the law requires. State v. Burns, supra, 280 S.W.2d l. c. 122 [3]."

However, appellant cites Hardy v. St. Louis-San Francisco Railway Company, Mo.Sup., 406 S.W.2d 653, 659, and directs our attention to the present rule on civil instructions, as stated in MAI No. 1.02, at page 7, as follows: "The Committee believes that the jury should not be instructed on a theory of recovery or defense not supported by the evidence and that any such submission, whether in the conjunctive or disjunctive, should be reversible error. A theory of recovery or defense should not be submitted unless it can stand alone. The present practice has been a crutch which

has done little but confuse by presenting imaginary issues for the jury's determination."

■ Appellant urges that a similar rule should be adopted in criminal cases. We need not and do not rule this question in this case. The evidence shows that a pistol was "held on" Louis H. Budke and "pointed at" Louis H. Budke. It is conceded that these acts put Louis H. Budke "in fear of an immediate injury to his person." We hold they are also sufficient to prove "force and violence to the person of Louis H. Budke." State v. Rose, Mo.Sup., 325 S.W. 2d 485; State v. Eddy, Mo.Sup., 199 S.W. 186; State v. Dickens, Mo.Sup., 285 S.W. 445; State v. Wallace, Mo.Sup., 278 S.W. 663. The pointing of a dangerous and deadly pistol at a robbery victim constitutes "violence to his person." Appellant's contention is without merit.

■ Appellant next asserts that the trial court erred in admitting, over objection, evidence "concerning the flight and arrest of three alleged accomplices of appellant." This evidence relates to the flight from the gas station in the DeSoto automobile by Dean Johnson, Gloria McIntyre and Guren Kenner, and their subsequent arrest. We recognize that this Court indicated in State v. Sykes, 191 Mo. 62, 79, 89 S.W. 851, 855, that evidence of the flight of a conspirator, on a trial of a co-conspirator, is irrelevant and immaterial, and stated in State v. Chernick, Mo.Sup., 280 S.W.2d 56, 59–60: "Generally it is said that after the common enterprise is ended, whether by accomplishment or abandonment, no one of the conspirators or joint actors is permitted by any subsequent act or declaration of his own to affect the others." However, as a result of the arrest of Johnson, McIntyre and Kenner, two weapons were discovered. "[T]he fact may always be shown that any one of co-conspirators was in possession of * * * the weapon or instrument with which the crime was committed." State v. Tripp, Mo.Sup., 303 S.W.2d 627, 632. See also State v.

Costello, Mo.Sup., 252 S.W. 727, 729. Appellant's contention is without merit.

Appellant next contends the trial court erred in refusing to declare a mistrial when a witness for the State displayed a red wig to the jury. The record in this regard reads as follows:

"Q (By Mr. Walsh) I show you evidence envelope marked State's Exhibit 16. Is that your signature on that, Detective Black?

"A Yes, sir.

"Q Will you tell the jury what is that in there?

"A It's a wig.

"Q Would you take it out and show it to the jury?

"MR. AKERS: Your Honor, I am going to object to this. The Court already ruled this man can't testify as to any of the belongings of McIntyre.

"Q (By Mr. Walsh) I will withdraw it. You marked that envelope? A Yes.

"Q That matter in there, did you see that removed from Gloria McIntyre? A Yes.

"Q You were present? A Yes.

"Q Will you take it out and show it to the jury? What is that, Officer? A That's a wig.

"MR. AKERS: Your Honor, this is highly prejudicial, it is completely irrelevant; I move this be stricken, the jury instructed to disregard it. I also move for a mistrial. I think this is highly prejudicial.

"THE COURT: What is the purpose of this?

"MR. WALSH: These are all jointly indicted. The State is entitled to show this.

"THE COURT: Sustained.

"MR. AKERS: You are only trying one here.

"THE COURT: Sustained. Disregard it, members of the jury."

■ The motions of appellant called for exercise of the court's discretion. Its rulings are reviewable for abuse of that discretion. Abuse of discretion is not charged and we find none. We are of the opinion that the instruction by the court that the jury should disregard the evidence eliminated any possible prejudice in the minds of the jury. State v. Rose, Mo.Sup., 366 S.W.2d 308, 310; State v. Russell, Mo. Sup., 395 S.W.2d 151, 155. Appellant's contention is without merit.

Appellant finally complains of portions of the closing argument of counsel for the State. Counsel for appellant, in closing argument, stated: "Is there any testimony in this record of what this man was wearing at that time? Not one bit. Did the State bring in the clothing? No. But they brought in everything else they could get their hands on. They had pistols, and money, and photographs, of all types and description. What about the clothing this man was wearing? No explanation. We haven't seen it."

Counsel for the State in response stated: "Now, all the matters Mr. Akers presented to you so ably, let's take them in order.

"The clothing, on the strip search, the man told you they found $70.00 in his shoe. Obviously, you are entitled to use your common sense and figure what they did. They undoubtedly gave it back—"

Counsel for appellant stated: "Let's look at another inconsistency. We have here an arrest, where the robbery was committed at 1:00, within half-an-hour the police have been at the Loan Company, they have taken into custody two automobiles, which they claim were the get-away cars. They have taken into custody two pistols. Were any finger-prints on any of those objects? Was

this defendant's finger-prints on any of these objects? We can only assume they were not. Believe me, if they were they would have had them in here. They had everything else. The vital things, clothing and finger prints, they might have been of considerable help in determining the guilt or innocence of this man. Where is that evidence? The State has no such evidence."

Counsel for the State in response stated: "MR. WALSH: Finger print evidence. This is an old story, 'If the State had finger prints they would have brought them in.' I want you gentlemen to use your own common sense. You who have served in the service of the United States, or are employed, you know when you go in the Navy, Army, Marines, or Coast Guard, or when you go to work, they don't hand you a dirty steering wheel, or a dirty old car, and say, 'Grab ahold of this, we want your finger prints.'

"MR. AKERS: I object, if your Honor please. Counsel is testifying, he is not arguing.

"THE COURT: Overruled.

"MR. WALSH: They don't hand you a dangerous and deadly beat up, old weapon, being used around in stick-ups, or this automatic, and say, 'Grab ahold of that. We want to get your finger prints." This kind of stuff happens only in the movies, and James Bond pictures, and television, but you know when you go in for finger prints they hand you a nice, clean piece of paper, and the man very carefully takes your thumb and rolls it very carefully, and each index finger, in order to obtain a print. You don't get those off of those dirty things, and pistols. If they could, they would have. The evidence would have been brought in."

Counsel for appellant stated: "I submit to you the State might have made a good case against three people, but those people are not on trial. They have already pleaded guilty. The State admits it. They are coming in, asking you, with their own evidence, three people committed it and three pleaded guilty, now members of the jury, why the State wants you to convict man number 4."

Counsel for the State in response stated: "And I'm sure each and every one of you recall, very vividly, Mr. Johnson, at one time, speaking on this witness stand, talking about three men and a woman.

"MR. AKERS: I object to that—

"MR. WALSH: I am sure none of you missed that.

"MR. AKERS:—and I move for a mistrial. There is absolutely no such evidence.

"THE COURT: Overruled."

Dean Johnson, a witness for appellant at the trial, on cross-examination admitted that he, Johnson, participated in the robbery, and testified, in part, as follows:

"Q How many were with you?

"A Three men, one girl—two men."

■ The statements made by counsel for the State were retaliatory in nature and our conclusion is that an abuse of the trial court's discretion is not shown. State v. Cusumano, Mo.Sup., 372 S.W.2d 860, 866; State v. Fuller, Mo.Sup., 302 S.W.2d 906, 909, 910. This point is ruled against appellant.

An examination of the record as required by Rule 28.02, V.A.M.R., discloses no error. The judgment is affirmed.

All of the Judges concur.