**STATE of Missouri, Respondent,**

**v.**

**William Robert WHITE, Appellant.**

**No. 53118.**

Supreme Court of Missouri,
Division No. 2.

April 14, 1969.

**458**

John C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, for respondent.

Clarence E. Godfrey, Clayton, for appellant.

BARRETT, Commissioner.

■ A jury has found William Robert White guilty of an assault with malice with intent to rob and fixed his punishment at 10 years' imprisonment. The information appropriately charged the offense in this language, that on October 10, 1966, White "feloniously, on purpose and of his malice aforethought, did make an assault on Emily Kaune, with a pistol with the intent to rob the said Kroger Company, Incorporated, a corporation, in the care and custody of Emily Kaune." State v. Washington, Mo., 357 S.W.2d 92; RS Mo 1959, § 559.180, V.A.M.S.

■ In brief, the circumstances were that just before closing time on October 10th, about 8:45, Mrs. Kaune, the cashier-checker, in charge of the glass-enclosed cashier's room, was in the process of checking the day's receipts when she "noticed a bag being pushed towards me from the glass window, and as I looked up, there was this man standing up there with his hand holding a gun pushed under that glass window, and he told me to put the money in the bag." She said, "I just stood there scared and stunned," she looked at him again and he repeated "Put the money in the bag" which she proceeded to do, emptying the cash boxes of about $2000.00. Asked if he then touched the paper bag Mrs. Kaune said, "He must have. He had

it folded when he slid it under the glass partition." Unknown to White, John Simon, a plain clothed security guard employed by Mack's Service Agency to check shoplifters at the Kroger store at Grand and Florissant was also about to check out but observing White, "I walked up to him, right behind his back, over his shoulder, and I saw the gun and I told him to raise his hand real slow." Simon held his gun to his back, told him to drop his gun, White asked if he had a gun "and he reached his hand behind him and grabbed the muzzle of my gun and wrestled it out of my hand." In the scuffle the gun discharged but Simon, weighing 250 pounds, secured an "armlock" on White, wrestled him to the floor and held him until the police arrived. These circumstances, needless to say, considering particularly that White pointed a loaded pistol at Mrs. Kaune (State v. Dooley, 121 Mo. 591, 26 S.W. 558), support the charge and the jury's verdict of "guilty of assault with intent to rob with malice aforethought." State v. Washington, supra; State v. Bazadier, Mo., 362 S.W.2d 603.

The appellant White in elaborate detail has briefed and argued five assignments of error—all more or less related. In response the state has attempted to reduce the complaints to three rather simple propositions. In large measure the assignments relate to a statement made by Simon and the court's rulings with respect to that statement. After the gun was discharged and after Simon had thrown White to the floor, forcing him to throw the gun down the aisle, and held him with a hammerlock in such force that it threw his shoulder out of place he was in pain and began begging "me to get up off him." All this Simon detailed on direct examination. On cross-examination defendant's counsel inquired, "was the defendant injured in this altercation with you?" Simon responded, "He said he was hurt and asked me to get up off him. I don't know anything about it, only that I threw him down and he said he was hurting, and he asked me to

get up off him. *I asked him why did he try to do this, and he said he needed some money—."* Immediately there were objections by the cross-examiner, "I ask that be stricken from the record," and "That's not responsive. It is a violation of Miranda and every other rule. I move for a mistrial." And the court, as immediately, responded: "The jury is instructed to disregard the last part of the witness' statement; that is, 'I asked him why did he try to do this and he said he needed some money.' You may proceed." Then defendant's counsel said, "Judge, in instructing the jury in that manner, you might as well hit me on the head with a brick mallet. It calls attention to it. It was worse than if nothing was said at all. I am going to ask that the jury be discharged and a mistrial declared." The court said, "Your request is denied. Let's proceed." Upon this phase of the record appellant's counsel has commingled two or more related assignments of error: that the court's instruction to the jury "was not enough because the jury had been so prejudiced as to render them incapable of giving defendant a fair and impartial trial," that "the licensed private watchman was exerting force and injuring defendant in custody," that the court ruled the evidence inadmissible as "not responsive and defendant could not have made a voluntary and constitutional answer under the circumstances of force and injury to himself." In this connection there is also an assignment of error that the state's attorney improperly argued this matter to the jury. And preliminarily there are two assignments directed to the proposition that the court erred in refusing to instruct the jury on the lesser graded offense of assault with intent to rob without malice under RSMo 1959, § 559.190, and these necessarily will be first considered.

■ The assignments state that assault without malice should have been submitted because the files of "the court of criminal correction" (the committing magistrate), "state defendant was held on October 24, 1966, for assault to rob on the back of the warrant and the transcript of the court of criminal correction was improper and void on its face" lacking a seal to the court's jurat. Aside from the frivolity of this point which is set forth in great detail the state contends that when the appellant was arraigned and made no objection to any of the prior proceedings but announced ready and proceeded to trial upon the charge set forth in the information, assault "feloniously and with malice aforethought," he thereby waived any defects or irregularities in the preliminary hearing. State v. Hamel, Mo., 420 S.W.2d 264. Perhaps, but the complete answer to these two assignments of error is that, without repeating the testimony and demonstrating, there is no evidentiary support whatever for a lesser or included offense or for an assault without malice and therefore, of course, no error in not instructing the jury on the subject. State v. Washington, supra; State v. Norris, Mo., 365 S.W.2d 501.

■ As to the first three related points, aside from Simon's status as a custodian of White (which here has several possible ramifications) and the possible invasion of any constitutionally protected rights and the applicability of any federal cases, none of which are cited or relied on other than in the one objection, the problem here is whether the court's action in promptly instructing the jury to disregard the italicized statement was all the curative action the circumstances demanded. In the first place the statement was volunteered on cross-examination and in context was not of the inflammatory, prejudicial force attributed by counsel. It did not accuse the defendant of another separate offense and really did not inject a wholly foreign or collateral subject and obviously was not a contrived or purposefully injected statement—it has all the earmarks of innocent spontaneity. It has been said, especially as here when only a part of a statement is to be stricken, that the court "should specify the particular evidence excluded

and should include in the order all of the incompetent evidence objected to." 23A C.J.S. Criminal Law § 1075, p. 55. In any event, any prejudice inherent in the statement—it was as likely to induce sympathy as prejudice—was probably removed by the court's admonition to the jury and upon this record it may not be said that the court manifestly abused its discretion. State v. Russell, Mo., 395 S.W.2d 151, 155; State v. Madden, Mo., 394 S.W.2d 317, 322. The statement was not as inflammatory as the officer's volunteered comment that "a police character owned the car" which when stricken was held not to constitute such an abuse of discretion as to compel the granting of a new trial by this court. State v. Nolan, Mo., 423 S.W.2d 815, 818–819.

The other assignments all relate to this part of the prosecutor's closing argument: He had just referred to defense counsel's plea "about conscience" and "a plea for your sympathy, to try to put something on your shoulders, a burden on your back, that doesn't belong" and then he said:

> "You live in the city, you are law-abiding citizens. You never try to take any of these shortcuts. Look at this man who, *presumably claiming that he needs some money—.*"

Immediately there was heated response but counsel for defendant rather than making an objection said to the court (out of the jury's hearing) "This is a mistrial, Your Honor. That was deliberately done. I want a clear, concise record on that—." Counsel repeated what he had said when Simon made the statement and finally he said, "And I object for all of these reasons, and for the reason that the court has already ruled on that; the court ordered it stricken from the record; that the jury be instructed to disregard it; and at this time I ask for a mistrial and ask that the court instruct the jury to disregard the last remark of the Circuit Attorney, but not to state exactly what the remark was so as to call attention to it;

and that it be stricken from the record and that the jury be discharged and a mistrial be declared." This was not an orderly objection, to precisely raise and present the problem there should have been a motion to strike, instruction to the jury to disregard, a request for rebuke of counsel and finally a motion to discharge the jury. In response to the objection the court stated that it would "instruct the jury to disregard the last remark of the Circuit Attorney. The court will overrule all other objections. The court will refuse your request for a mistrial." And when proceedings were resumed in the hearing of the jury the court said, "The jury is instructed to disregard the last remark by the attorney for the State."

Thus the court granted a part of the relief asked and again the problem is whether the trial court so abused its discretion that this court should grant a new trial. As indicated, the statement attributed to White is not so unfairly incriminating as appellant's counsel characterize it. And carefully analyzed it may be suggested that the prosecutor's statement, "presumably claiming that he needs some money," is not too far afield from an inference that any juror would draw from an attempt to commit an armed robbery—it is difficult to conceive of any other reason for the offense. It is of course improper for a prosecutor to argue matters not in evidence, or testimony that the court has excluded but here inflammatory epithets were not applied, the prosecutor did not persist in repeatedly urging excluded (State v. Williams, Mo., 376 S.W.2d 133) testimony in defiance of the court's ruling as in State v. Deitz, 235 Mo. 332, 138 S.W. 529. The appellant's character was not unfairly impugned when not in issue as in State v. Pinkston, 336 Mo. 614, 79 S.W.2d 1046. But as with Simon's original statement, it may not be said the prosecutor's argument was so manifestly inflammatory and prejudicial that this court should say that there was an abuse of discretion. State v. Tallie, Mo., 380 S.W.2d 425, 430–431;

State v. Deutschmann, Mo., 392 S.W.2d 279, 286; State v. Hands, Mo., 260 S.W.2d 14.

For the reasons indicated the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM: ·

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

DONNELLY, Acting P. J., MORGAN, J., and MEYER, Special Judge, concur.

FINCH, P. J., not sitting.