**STATE of Missouri, Respondent,**

v.

**Virgil MARTIN, Appellant.**

**No. 56769.**

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

John J. Cosgrove, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

MORGAN, Presiding Judge.

A jury found appellant guilty of the crime of assault with intent to rob with malice aforethought, Section 559.180, RSMo 1969, V.A.M.S., and the court assessed punishment at three years' confinement.

Factually, it appears that on September 3, 1970, Mr. and Mrs. James Hardin were inside their cleaning establishment which they had operated in Kansas City for more than thirty years. Appellant, whom Mr. Hardin had known "for years," and another entered the shop. Appellant's mouth was bleeding and he was holding a handkerchief over it. Mr. Hardin commented, "I notice you are bleeding at the mouth * * * what can I do for you fellows?" He saw appellant turn to the other man and say something in a low voice. The other man then said, "We want your money . . . ." as he pulled out a gun. Mr. Hardin answered, "Why, you boys don't want to do that" and to appellant, "I know you . . . ." As Mr. Hardin backed away, the other man shot him in his wrist and Mr. Hardin fell into a stack of boxes. As he crawled to safety behind the counter, he was shot at two more times before the two men fled from the shop. Both Mr. and Mrs. Hardin as well as one of their customers identified appellant as one of the participants. Appellant testified that he came into the shop as a customer only by chance at the time the second man attempted the armed robbery.

First, appellant contends the trial court erred in overruling his objections to the following portions of the prosecution's closing argument: (1) " . . . So I suggest to you that in this case Virgil Martin [appellant] is the man who devised and planned and originated this robbery . . . ."; (2) "That it was the shooting, the attempt to kill Mr. Hardin, was so obviously deliberate, calm, the man was taking aim . . . ."; (3) "I suggest to you . . . that the proper, the reasonable conclusion from the evidence that you have heard, is that they intended to . . . This wasn't just a flurry of gunfire when they were surprised, it was an obvious and deliberate attempt to dispose of someone who could identify them . . . ."; and, (4) "I think that the evidence in this case supports that, they tried to kill Mr. Hardin and if they hadn't been so incredibly incompetent and inept they would have killed him and they would have killed Mrs. Hardin."

The last statement was not objected to at trial and consequently is not reviewable. State v. Williams, Mo., 419 S.W.2d 49. In connection with the other three, appellant cites State v. Tiedt, 357 Mo. 115, 206 S.W.2d 524; State v. Baber, Mo., 297 S.W.2d 439; State v. Groves, Mo., 295 S.W.2d 169; and State v. Mobley, Mo., 369 S.W.2d 576. We have reviewed such cases and, in so far as relevant to the point at issue, we find each clearly distinguishable. In those cases, arguments and other efforts of the prosecutor were found to have been designed to "arouse personal hostility of the jurors" or create in the members of the jury a "fear" for their safety by the use of inflammatory rhetoric. A mere reading of the argument made here, including the portions thereof noted, makes it evident the arguments in the cases relied on can not be compared. In fact, each argument being considered appears to be a logical inference or deduction to be made from the evidence presented. Nor do we find that the prosecutor was guilty of placing his personal opinion of appellant's guilt before the jury in view of the reference to the evidence as a basis for his comments. State v. Rentschler, Mo., 444 S.W.2d 453.

Second, there is no merit whatever in the assertion the state failed to make a sub-

 

missible case. State v. White, Mo., 440 S.W.2d 457.

 Lastly, complaint is made that the court should have given an instruction on the lesser included offense of assault with intent to rob without malice aforethought. The assault was with a deadly weapon, and the two assailants acted deliberately and together. Appellant was either guilty of the offense charged or guilty of no offense at all. There was no evidence to support a submission of the lesser degree of assault. State v. White [3], supra; State v. Norris, Mo., 365 S.W.2d 501; and, State v. Jackson, Mo., 477 S.W.2d 47[8].

The judgment is affirmed.

All of the Judges concur.