**STATE of Missouri, Respondent,**

v.

**Marvin L. GOFF, Appellant.**

**No. 57337.**

Supreme Court of Missouri, Division No. 2.

Feb. 12, 1973.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

J. Arnot Hill, Hill & McMullin, Kansas City, for appellant.

STOCKARD, Commissioner.

Marvin L. Goff was found guilty by a jury of burglary in the second degree, and was sentenced to imprisonment for a term of six years. This appeal was filed before January 1, 1972, and appellate jurisdiction is in this court.

There is no challenge to the sufficiency of the evidence. Briefly stated, a jury could find that on November 5, 1970, appellant entered the home of Donna L. Larson by opening a locked door to the kitchen, and then left when he realized that he had been seen. Donna furnished the police with a description of appellant and the license number of the automobile in which he drove away.

Appellant challenges the information, and asserts he was entitled to a judgment of acquittal because the allegations therein indicated that the State was proceeding under § 560.070, RSMo 1969, V.A.M.S., which pertains to the breaking and entering of enclosures other than dwelling places, and which section makes it necessary that the building or enclosure involved be a building in which there shall be at the time divers goods, wares, merchandise or other things kept or deposited. There was no proof, and the verdict directing instruction did not submit the presence in the building of goods, wares, merchandise or other things.

■ The information charged an offense under § 560.045, RSMo 1969, V.A. M.S., which is as follows: "Every person who is convicted of breaking into a dwelling house, with intent to commit a felony or to steal, but under such circumstances as do not constitute the offense of burglary in the first degree, shall be deemed guilty of burglary in the second degree." It is true that the information unnecessarily included an allegation that the dwelling house was "a building in which divers goods, wares, merchandise, and valuable things were then and there kept and deposited." However, such allegation was surplusage and may be disregarded, State v. Burks, Mo., 257 S.W.2d 919; State v. Burgess, Mo.App., 456 S.W.2d 641.

Appellant argues that the wording of the information caused him to believe that the State could not convict him unless it proved and the jury found that he broke and entered the building with an intent to steal, and in addition that the building contained "divers goods, wares, merchandise, and valuable things." He argues that since he knew the State could not prove the latter item, his decision whether to stand trial was adversely affected. Assuming this had some bearing on appellant's decision, he suggests no relief to which he should now be entitled except an acquittal, and with that contention we do not agree. Appellant may have been entitled to move to strike certain allegations of the information, or to request a bill of particulars, but he was not entitled to a judgment of acquittal. The information sufficiently charged the offense of which appellant was found guilty.

During oral argument counsel for the State commented on an argument of appellant's counsel concerning the intent of appellant, and said: "Mr. Hill said he wasn't going to take a TV set or a freezer. I know he wasn't; he was going to take jewelry. I'll tell you what the bag [which appellant was carrying] was for, and he got some, and I'll bet he got it that day because he paid $200 cash for a car; and that's exactly . . .." Objection then was made because by this argument the jury was told that appellant "stole some jewelry on this particular day, and that he used that to make a down payment on the car." The request was that "the jury be instructed to disregard the statement, that [State's Counsel] be reprimanded and further for a mistrial." The court sustained the objection and instructed the jury "to disregard the statement about other alleged crimes." The motion for new trial was overruled. The court commented that "the jury can put that out of their minds and out of their consideration and I so instruct them."

■ Appellant obtained all the relief requested other than mistrial and the reprimand, except as a reprimand may be implied from the sustaining of the objection. However, appellant's point is directed only to the failure to grant a mistrial. We have repeatedly held that the granting of a mistrial is a drastic remedy and should be granted only when no other relief can remove the prejudice. State v. Camper, Mo., 391 S.W.2d 926; State v. Raspberry, Mo., 452 S.W.2d 169. The trial court witnessed the incident and was in a better position than an appellate court to determine the probabilities of the removal of prejudice, if any. It expressly found that the instruction to the jury was sufficient, and we have no basis on which to disagree or to hold that the court's conclusion was an abuse of discretion.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.