**STATE of Missouri, Plaintiff-Respondent,**

v.

**Weldon C. ROBBINS, Defendant-Appellant.**

**No. 9419.**

Missouri Court of Appeals,
Springfield District.

March 21, 1974.

Motion for Rehearing or to Transfer to Supreme Court Denied April 1, 1974.

Rehearing Denied April 1, 1974.

No appearance for plaintiff-respondent.

Shaw & Howlett, Joseph Howlett, Clayton, for defendant-appellant.

BILLINGS, Judge.

Defendant Robbins was convicted by a Wayne County jury of second offense of driving while intoxicated [§ 564.440(2), RSMo 1969] and his punishment assessed at 15 days in the county jail. His first appeal [State v. Robbins, 481 S.W.2d 618 (Mo.App.1972)] was dismissed as premature because the record failed to show

allocution, judgment and sentence after his motion for new trial was denied. On remand the trial court granted defendant allocution and rendered judgment and sentence pursuant to the jury's verdict. In this appeal defendant's sole point is that the court should have granted his request for a mistrial by reason of alleged prejudicial argument by the prosecuting attorney. We affirm.

The sufficiency of the evidence to support the conviction is not questioned by the defendant and a brief statement of the facts is sufficient. The Sheriff of Reynolds County saw defendant operating his pick-up truck in a "weaving" and "near collision" manner on a public highway and both the sheriff and a Missouri Highway Patrol trooper opined defendant was intoxicated. Defendant admittedly had consumed "three or four beers". Evidence of a prior conviction for driving while intoxicated [State v. Robbins, 455 S.W.2d 24 (Mo.App.1970)] was received.

The defendant's cross-examination of the trooper was concluded as follows:

"Q. Other than observe this man, did you do anything else to find out whether or not he was intoxicated?

A. Yes, I did.

Q. What?

A. Ran a breathalyzer examination on him."

This was the only evidence that such an examination had been made of the defendant and the results of the test were not offered in evidence.

During the state's closing argument the prosecutor stated: "Mr. Howlett [defendant's attorney] mentioned about the breathalyzer test. He knows why it was not introduced in evidence." Defendant's objection to the statement was sustained and the court instructed the jury to disregard it but denied defendant's motion for a mistrial. Defendant contends it is im-

proper for the prosecution to argue matters not in evidence, citing State v. Williams, 376 S.W.2d 133 (Mo.1964), and State v. White, 440 S.W.2d 457 (Mo.1969), and that prejudicial error was committed by the trial court in failing to declare a mistrial.

We have no quarrel with the rule as stated in *Williams* and *White* but believe the determination of defendant's point is governed by the further rule found in those cases that the trial court has wide discretion in keeping oral argument within bounds. It is only in the face of an abuse of this discretion that we are to intervene and substitute our own judgment. State v. Goff, 490 S.W.2d 88, 90 (Mo.1973); State v. Schlagel, 490 S.W.2d 81 (Mo.1973). The granting of a mistrial is a drastic remedy which should only be employed when no other real relief can remove the prejudice of an improper argument. State v. Goff, supra.

The transcript does not contain the defendant's argument, only that portion of the prosecuting attorney's as herein set forth, and thus we have no way of knowing if the prosecutor's statement was in the nature of a retaliatory remark. The only reference we find in the transcript concerning the breathalyzer is in the final answer of the trooper. We do not construe the prosecutor's remark to be a clear and improper intimation that defense counsel had anything to do with the results of such test not being introduced in evidence. Because of the ambiguous nature of the comment and its relative insignificance in light of the rest of the prosecution's case against defendant, we do not believe any possible adverse effect which the comment may have had upon the jury remained in the case following the court's sustention of defendant's objection and the court's own instruction to the jury to disregard it. On the record before us we are not prepared to say that the experienced trial judge who presided at defendant's trial and considered

the matter in the new trial motion abused his discretion in refusing to declare a mistrial.

The judgment is affirmed.

HOGAN, C. J., and STONE and TITUS, JJ., concur.