**STATE of Missouri, Respondent,**

v.

**Harold E. WALKER, Appellant.**

**No. KCD 26820.**

Missouri Court of Appeals, Kansas City District.

June 3, 1974.

Willard B. Bunch and Mark D. Johnson, Kansas City, for appellant.

G. Michael O'Neal, Chief Counsel, Crim. Div., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

PER CURIAM.

The appellant was charged by information with the crime of obtaining money by false pretenses in violation of § 561.450, RSMo 1969, V.A.M.S. He was tried before a jury and was found guilty. The jury was unable to agree on punishment so the court sentenced appellant to an imprisonment for five years. He appeals.

The evidence supports factual findings that on August 29, 1972 appellant approached one Aristide L. Cambulako at his place of employment and asked him if he would be interested in purchasing a new color television set. Cambulako responded

that he might be interested but would have to look at it. Appellant led Cambulako to the trunk of a car, opened it, opened a box bearing the words "color television" and revealed a television screen. Cambulako couldn't see the woodwork of the television because it was covered with styrofoam and the top was coated with plastic. Cambulako wanted to test the television set to see if it was in working order but appellant would not let him, because he had some place else to go. Appellant told Cambulako the television was working. They agreed on a purchase price of $125.00 and Cambulako paid that amount to appellant. Appellant picked up the set, placed it in Cambulako's car and left. Cambulako returned to his employment and did not inspect the contents of the box until he got off work at 10:30 p. m. He then discovered that the box did not contain a television but only a broken television picture tube and some bricks. Cambulako testified that he would not have given any money to appellant had not appellant represented to him that the box contained a brand new color television in working order.

The evidence also showed that after the information had been filed, appellant approached Cambulako and told him he was sorry for what he had done and said he would repay the money. He told Cambulako he was going to try to be straight. Cambulako told him that if the money was repaid, he wouldn't appear in court. Prior to trial appellant repaid $125.00 to Cambulako who signed appellant's receipt reciting that he wished to drop all charges against appellant. During closing argument, the state's attorney characterized this as "paying off the state's witness".

 On this appeal, the appellant makes the single point that the trial court committed error in allowing the prosecuting attorney to comment during closing argument that appellant had attempted to "pay off" the complaining witness. His contention is that this constituted a reference to a crime (bribery of a witness) with which appellant was not charged and which did not tend to directly establish his guilt of the crime with which he was charged. The transcript reveals that when this argument was made defense counsel remained mute and lodged no objection. Consequently, the point has not been preserved for review. State v. Martin, 484 S.W.2d 179 (Mo.1972); State v. Cheek, 413 S.W.2d 231 (Mo.1967).

Although not urged to do so, we have examined the record ex mero motu to determine whether there has been error under Rule 27.20, V.A.M.R. and find that no manifest injustice has resulted from the argument of which appellant complains.

The judgment is affirmed.

All concur.