**UNITED STATES of America**

**v.**

**Norman F. LeFEVRE, Appellant.**

**No. 73–1093.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
June 5, 1973.

Decided July 16, 1973.

Hector R. Uribe, El Paso, Tex., for appellant.

Ralph F. Keil, U. S. Atty., Bruce L. Thall, Asst. U. S. Atty., Wilmington, Del., for appellee.

## OPINION OF THE COURT

SEITZ, Chief Judge.

The defendant was convicted by a jury on seven counts of willfully preparing false and fraudulent income tax returns. 26 U.S.C. § 7206(2) (1970). The district court denied his motion for a mistrial made at the close of the summation and his subsequent motion for acquittal or a new trial; both motions were based on the ground that the closing arguments of the Assistant United States Attorney were improper and prejudicial. The defendant appeals the denial of these motions.

We have examined the entire trial record and find that the evidence of guilt is so overwhelming that we can say with confidence that the errors hereinafter delineated do not constitute reversible error; indeed, we believe them harmless beyond a reasonable doubt. Nevertheless, we must consider such errors because of their recurrence in criminal trials and the consequent importance of emphasizing the impropriety of such practices by prosecuting officers.

■ We reiterate what this Circuit has emphasized:

A United States attorney in a criminal case has an even greater responsibility than counsel for an individual client. For the purpose of the individual case he represents the great authority of the United States and he must exercise that responsibility with the circumspection and dignity the occasion calls for.

United States v. Kravitz, 281 F.2d 581, 587 (3d Cir. 1960), cert. denied, 364 U. S. 941, 81 S.Ct. 459, 5 L.Ed.2d 372 (1961); accord, United States v. American Radiator & Std. San. Corp., 433 F.2d 174, 191 (3d Cir. 1970), cert. denied, 401 U.S. 948, 91 S.Ct. 929, 28 L.Ed.2d 231 (1971). See ABA Code of Professional Responsibility, EC 7–13 (Final Draft, 1969) (hereinafter cited as "ABA Code") and ABA Standards Relating to The Prosecution Function and The Defense Function, Standard 1.1(c) and Commentary (Approved Draft, 1971) (hereinafter cited as "ABA Prosecution Standards"). Against this background we consider the allegedly improper and prejudicial closing arguments of the prosecutor, which fall into two categories: (1) the prosecutor's expressions of his personal opinion as to the defendant's credibility and as to the defendant's guilt, and (2) the prosecutor's statements based on facts not in evidence.

### Prosecutor's Expressions of Personal Opinion as to Credibility and Guilt.

■ During his summation, the Assistant United States Attorney repeatedly expressed his personal opinion as to the credibility of the defendant. Additionally, some of his remarks could have been construed by the jury as expressing a personal opinion as to the guilt of the defendant. In its opinion denying defendant's motions, the district court stated: "[T]his sort of remark is frequently made by counsel in summation." We do not read the quoted language as necessarily implying approval of the practice, particularly since the judge apparently considered the comments relevant only to defendant's credibility. However, to remove any doubt as to its impropriety, we adopt Standard

5.8(b) of the ABA Prosecution Standards:

> It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence of the guilt of the defendant.

See ABA Prosecution Standards, Commentary to Standard 5.8(b). Further, such expressions are in violation of the ABA Code of Professional Responsibility. ABA Code DR 7–106(C)(4) and EC 7–24.

As we stated in United States v. Schartner, 426 F.2d 470, 477 (3d Cir. 1970):

> [A]lthough we cannot condone prosecutorial expression of personal belief in an accused's guilt, such expression is not reversible error when the remarks fairly construed refer only to belief based on the evidence and not to an opinion formed from facts not in evidence.

Accord, United States v. Meisch, 370 F. 2d 768, 773 (3d Cir. 1966). Thus, both our previous decisions and the ABA Standard, which we now formally adopt, condemn such prosecutorial comments, even if based on the evidence. However, such comments, if based on the evidence, are not reversible errors per se under *Schartner*.

■ It is clear here that the comments of personal opinion by the prosecutor in his closing statement were based on the evidence. We recognize the line between permissible and impermissible comment is a thin one, and precision of expression can be difficult. Nevertheless, we strongly disapprove expressions of personal opinion by prosecutors on credibility and guilt. However, we do not find those here sufficiently prejudicial, in light of the overwhelming evidence against defendant, to constitute reversible error.

## Prosecutor's References to Non-Record Matters

In addition to interjecting personal opinion into his summation, the prosecutor also made comments based on facts outside of the record. The district court referred to only one instance of such misconduct—the prosecutor's statement of his own experience concerning the effects of a drug which defendant testified he had used. However, we think there were actually three such instances. The district court noted that it was the prosecutor's first trial, that it lasted seven days, and that the court instructed the jury to consider only the evidence. In these circumstances, the district court did not consider the error sufficient to warrant a new trial.

■ As to the impropriety of such prosecutorial statements, we find the view of Standard 5.9 of the ABA Prosecution Standards compelling and therefore adopt it. The Standard states:

> It is unprofessional conduct for the prosecutor intentionally to refer to or argue on the basis of facts outside the record whether at trial or on appeal, unless such facts are matters of common knowledge based on ordinary human experience or matters of which the court may take judicial notice.

Since we find that none of the improper statements were within the exception established under the Standard, further inquiry is required as to whether they warrant reversal of defendant's conviction.

■ We do not believe that prosecutorial statements which refer to facts not in evidence constitute reversible error per se.[1] Rather, the court is under an obligation in such instances to consider the entire record to determine whether the errors were sufficiently prejudicial to have tipped the scales and thereby denied defendant a fair trial. We have examined the record in the instant case; our examination discloses

1. We note that *Schartner* dealt solely with personal expressions of guilt in regard to reference to matters not in evidence.

**480**

that the evidence of defendant's guilt was overwhelming. Consequently, on this record, we cannot say the prosecutor's deviations were sufficiently egregious to justify this court in ordering a new trial.

We do emphasize that the trial judge should be alert to each of these deviations from professional norms. Since such comments have the clear potential of adversely affecting the defendant's right to a fair trial, the judge should take prompt action to correct them without relying upon defense counsel to object. The court should then take such corrective action, either in or out of the presence of the jury, as seems most appropriate in each individual instance.

The judgment of the district court will be affirmed.