**STATE of Missouri, Respondent,**

v.

**Bill BAILEY, Appellant.**

**No. 36218.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 24, 1975.

Motion for Rehearing or Transfer
Denied Aug. 7, 1975.

---

1. It would serve no useful purpose to recite the lengthy legal description in this opinion.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Patrick J. Hitpas, Asst. Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Charles D. Kitchin, Public Defender, David M. Adams, Asst. Public Defender, St. Louis, for appellant.

CLEMENS, Presiding Judge.

Defendant Bill Bailey was convicted of manslaughter (§ 559.070, RSMo 1969, V.A. M.S.) in the stabbing death of Joe Lewis Davis, Jr., and in accordance with the jury verdict was sentenced to five years' imprisonment.

Defendant does not question the sufficiency of the evidence but bases his appeal on two instances of prosecutorial argument. He contends the trial court erred in overruling his objection to improper rebuttal argument, and also erred in permitting the State's attorney to speculate as to matter outside the record—what the deceased might have testified to.

The evidence was that defendant and Davis scuffled in defendant's apartment, and defendant stabbed Davis with a knife, inflicting mortal wounds. After the stabbing Davis staggered from the apartment and police found his body on the sidewalk at the end of a trail of blood leading from the apartment.

Defendant told police Davis came to his apartment about 1:45 A.M. in an intoxicated condition and entered with a key in his possession. A scuffle ensued, during which Davis hit defendant in the face, knocked him down and then brandished a pocket knife for which the two men struggled. Defendant stated his thumb was cut and he then took his own knife from his pocket and stabbed Davis repeatedly.

Although police searched a wide area for the pocket knife defendant claimed Davis used, they found only a penknife on Davis' key ring. Police seized defendant's own knife as evidence.

Defendant's first point is that during the State's rebuttal argument, the prosecutor referred to testimony given by Davis' mother, whose testimony had not been mentioned during previous argument. Defendant objected to the State's arguing that Davis' mother had testified she never knew her son to have a weapon or to carry a knife. The trial court overruled defendant's objection.

■ Whether Davis had a knife other than the penknife found on his key ring

was hotly contested. Both State's and defense counsel had argued this point before the State's rebuttal. The mere fact the State had not previously mentioned this particular testimony in support of its position that the deceased's only weapon was the penknife did not preclude the State from referring to it during rebuttal. No new issue was introduced which had not previously been covered by both parties. The trial court did not err in overruling defendant's objection that this argument was improper rebuttal.

Defendant's next point is that the State's reference to testimony Davis would have given if he had lived went beyond the evidence. He contends the trial court erred in overruling his objection to that reference, which permitted the State to inform the jury of matters unsupported by the evidence and not reasonably deducible therefrom.

Defendant's complaint goes to the following prosecutorial remark: "I submit to you, beyond a reasonable doubt, the State has met that burden, that the stabbing of Joe Lewis Davis was not in self-defense. Joe Lewis Davis, ladies and gentlemen, is dead. He's not here to tell us what happened. I submit to you, if Joe Lewis Davis was able to take that stand . . . MR. ADAMS: I'll object to what Joe Lewis Davis might say. It's outside the scope of the evidence in this case. THE COURT: Overruled. MR. HITPAS: (continuing) . . . Joe Lewis Davis would say, it wasn't self-defense. MR. ADAMS: I'll object to what he would have said, on the part of the State's counsel. THE COURT: Overruled. It's argument. Proceed."

The State argues these comments were within the bounds of legitimate argument and did not prejudice defendant. In support of its position, the State contends reasonable latitude should be allowed for the prosecutor's imagination, and the State's opinion as to what Davis' testimony would have been if he had lived was in fact based upon the evidence.

■ We consider the challenged argument in the context of both the trial court's instructions and the State's argument as a whole. This, in accord with the principle that although defendant is entitled to a fair trial, the trial need not be a perfect one. See Donnelly v. De Christoforo, 416 U.S. 637, 94 S.Ct. 1868[2], 40 L.Ed.2d 431 (1974). Although we do not condone the State's use of the challenged argument, we do not find it constituted prejudicial error requiring reversal under the circumstances of this case.

By instruction # 1 (MAI–CR 2.01) the court instructed the jury on its duty to determine the facts from the evidence and from reasonable inferences therefrom. By Instruction # 5 (MAI–CR 2.40) the court told the jury the State had the burden to negate defendant's self-defense plea, and if they had a reasonable doubt the defendant had not acted except in self defense, they were to acquit him. The court told the jury by Instruction # 9 (MAI–CR 2.68) that counsels' arguments were not to be considered as evidence. In closing argument the State echoed this and reminded the jury: "The only evidence you are to consider as jurors is the evidence you heard from the stand."

Those instructions and the context of the prosecutor's remarks are critical to our decision that their impact did not prejudice defendant. We note that the defense left unchallenged a series of remarks preceding the allegedly prejudicial comment. The State commented that medical testimony showed Davis' body had .42 per cent blood alcohol (against the .10 per cent "legal drunkenness limit"), and therefore Davis was too drunk to have put up a fight. The State then noted defendant had testified he stabbed Davis as the two fought on a bed, although the evidence showed the bed was not "messed up" or bloodied. The State noted police had diligently searched for but could not find the knife with which defendant claimed Davis was armed. Following these unchallenged remarks, the State then argued Davis was dead and could not testi-

fy, but if he could, he would say, "It wasn't self-defense."

A basic principle governing jury argument is that counsel should refrain from arguing matters not in evidence. *State v. Cuckovich,* 485 S.W.2d 16[21] (Mo. 1972); *State v. White,* 440 S.W.2d 457[5] (Mo.1967). But this broad prohibition was put in proper perspective in *United States v. LeFevre,* 483 F.2d 477[6] (3d Cir. 1973): "We do not believe that prosecutorial statements which refer to facts not in evidence constitute reversible error per se. Rather, the court is under an obligation in such instances to consider the entire record to determine whether the errors were sufficiently prejudicial to have tipped the scales and thereby denied defendant a fair trial . . . ." To the same effect see *Hartley v. Steiman,* 408 S.W.2d 81[1] (Mo.1966); *Arroyo v. Keller,* 433 S.W.2d 589[3–6] (Mo. App.1968). It is well established that in closing argument counsel may draw non-evidentiary conclusions which are fairly justified as a matter of inference from the evidence. *State v. Evans,* 334 Mo. 914, 68 S.W.2d 705[4, 5] (1934); *Mooney v. Terminal R. Ass'n of St. Louis,* 353 Mo. 1080, 186 S.W.2d 450[4–9] (1945). It is also settled that counsel is allowed wide latitude in arguing inferences, and that the trial court's ruling should be sustained absent a clear abuse of discretion. *Norfolk & Western Ry. Co. v. Greening,* 458 S.W.2d 268[7–9] (Mo.1970). See also *Mahn v. American Life & Accident Insurance Co.,* 390 S.W.2d 573[9] (Mo.App.1965).

There was abundant evidence in this case to support the State's argument that in killing Davis, defendant did not act in self defense. Our examination of the State's argument in the context it occurred convinces us the remark was merely speculative argument and did not prejudice defendant. It was clear to the jury the prosecutor was not contending Davis had in fact made such a statement. Although we do not condone the argument we find it was non-prejudicial: "A closing argument need not have the polish and exactness of a scholarly address." *State v. Rutledge,* 524 S.W.2d 449 (Mo.App.1975). The State's argument here was an inferential argument within the wide latitude allowed trial counsel and in view of its context and the evidence as a whole, the trial court did not abuse its discretion in ruling it was merely "argument."

Judgment is affirmed.

STEWART, J., concurs.

KELLY, J., dissents in separate opinion.

KELLY, Judge (dissenting).

I respectfully dissent and would reverse and remand this case for a new trial because of the prejudicial argument of the Assistant Circuit Attorney wherein he argued to the jury that if the victim were able to be there and take the stand he would have said that the stabbing was not done in self-defense. The majority opinion recognizes the impropriety of this argument, makes it clear that it does not condone it but concludes that the defendant was not thereby prejudiced.

The single issue in the trial of this case was that of self-defense. The only witness of the scuffle which resulted in the stabbing of the victim able to give testimony at trial was the defendant. The state introduced into evidence defendant's self-serving statements made to the police officers and he also took the stand and testified in his own defense. We are not favored in this court with the transcript of defendant's testimony because an abbreviated record was filed herein. However, from defense counsel's argument it can be deduced that defendant's testimony at trial was self-serving for the purpose of establishing his theory of the case, viz self-defense. Viewed in this light, it is apparent that the purpose of the Assistant Circuit Attorney's argument was to overcome the absence of the victim and testify in his stead by way of argument. There is not an iota of evidence in the case to support the challenged argu-

ment since there is no evidence that the victim at any time made any dying declaration or any other statement to anyone which would support a conclusion that he would so testify were he present.

Neither the defendant nor the state has cited any authority directly in point, nor has independent research brought forth any Missouri case ruling on this argument. However, the Supreme Court of Pennsylvania when confronted with a similar line of argument recognized its insidious nature and on that grounds, and others, reversed and remanded a murder conviction in *Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A.2d 205. In *Lipscomb* the assistant district attorney argued:

> "You know my best witness isn't here today. But if he could come back, if Mr. Sweeney could come back and sit in this chair and face you, the jurors, I believe he would say, 'I didn't want to die. . . .'"

In ruling the Point, the Supreme Court of Pennsylvania said, l.c. 207:

> "Moreover, in testifying as if his 'best witness' Mr. Sweeney, was in the courtroom, that which followed amounted to the giving of testimony by an unsworn witness."

While, as the majority holds, the defendant may not be entitled to a "perfect trial," I conclude that he is entitled to a trial without argument of this ilk which constitutes a violation of The American Bar Association Standards for Criminal Justice, Prosecution and Defense Function, § 5.9, which brands as unprofessional conduct intentional argument on the basis of facts outside the record at trial. We have here argument by the Assistant Circuit Attorney putting before the jury not only unsworn testimony but also evidence which the victim, if alive and on the stand, could not have mouthed over proper objection for the reason that such testimony constitutes an invasion of the province of the jury and is a conclusion striking at the only legal and factual issue in the case, that of self-defense.

The evidence in this case, unlike that in *United States v. LeFevre,* 483 F.2d 477 (3rd Cir. 1973), is not overwhelming and this argument when taken in context with the trial court's ruling—"It's argument"—amounting to approval of the improper argument constituted, in my opinion, prejudicial error which would require that the judgment be reversed and remanded to the trial court for a new trial.