**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Sylvester Sterling KENNON,
Defendant-Appellant.**

**No. 39095.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 24, 1979.

William J. Shaw, Public Defender, Patrick M. Sanders, Asst. Public Defender, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Prosecuting Atty., Ann Frances Carpini, Clayton, for plaintiff-respondent.

CRIST, Judge.

A jury convicted defendant of manslaughter upon a submission of murder second degree or manslaughter. Defendant was sentenced to ten years in the penitentiary. We affirm.

A friendly evening between defendant, the victim, and Ernestine Tate developed into a quarrel which resulted in the stabbing death of the victim at the home of Ernestine Tate. Testimony for the state was given by one adult witness and defendant's daughter and son, aged 14 and 13, who were eyewitnesses and also residents of the Tate home. The controversy upon appeal pertains to comments by the prosecutor during the opening portion of her summation concerning the failure of two younger children, also eyewitnesses and living in the same home, to testify. She said the children were young and had nothing to add to the case.

The evidence at trial was copious and confusing, replete with inconsistencies and contradictions. Defendant testified and denied stabbing the victim.

The relevant portion of the prosecutor's argument is as follows:

"MISS CARPINI: . . . . I didn't call these children. I hope you don't hold it against me. There was the defendant too, he could have called them. I think it is some credit to Mr. Rodemyer that he didn't force these children to go through this either. They had nothing to add to the case. He would have brought them in, you know that.

MR. RODEMYER: I object to that. That's highly improper statement. She's testifying to what these children would have testified to.

MISS CARPINI: Why didn't you bring them in?

MR. RODEMYER: The burden of proof is on the State.

THE COURT: I didn't hear her testifying nor what they would say; you may proceed. Objection overruled.

MISS CARPINI: Jurors, my point is only that these small children are available to both of us. If they had anything to add, they would have been called, but it is just too much to put a nine year old and ten year old through. You saw how it affected the teenagers and I hope, I pray that you don't take into consideration, you don't think we are trying to hide anything from you. I brought in the only witnesses I could to show you what happened that day."

■ Defendant correctly contends that the prosecutor made an improper reference to the supposed testimony of two absent witnesses by stating that the two young children had nothing to add to the case. Further, the prosecutor should have remained silent concerning her failure to call witnesses in the opening portion of her closing argument. Such comments should have been reserved for the final portion of her closing argument, but only in retaliation.

■ It is improper for counsel to refer to what an absent witness would have testified. 23A. C.J.S. *Criminal Law* § 1094, p. 155 (1961); *see, State v. Cuckovich*, 485 S.W.2d 16, 27 (Mo. banc 1972) (Counsel should refrain from arguing matters not in evidence during closing argument.); *accord, State v. Bailey*, 526 S.W.2d 40, 43 (Mo.App. 1975). However, a reference to facts not in evidence does not constitute reversible error per se. *State v. Bailey, supra* (Trial court did not abuse its discretion in overruling an objection to the prosecutor's argument the victim, had he lived, would have testified the defendant did not act in self-defense.) Rather, the court must consider the whole record to determine whether or not the defendant received a fair trial. *State v. Bailey, supra.* The trial court has wide latitude in the control of oral argument; and, absent abuse of its discretion and prejudice to defendant, an appellate court must sustain the trial court's ruling. *State v. Treadway*, 558 S.W.2d 646, 650 (Mo. banc 1977).

■ In the instant case, the prosecutor did not affirmatively disclose what the testimony of the children would be had they been called as witnesses. The reference to the content of any testimony they might have given was merely implicit. The children were of a young and tender age, and the prosecutor's comments, when read in their entirety, emphasize the avoidance of possible emotional upset rather than the avoidance of duplication as the motive in not calling the children as witnesses.

Deferring to the opportunity of the trial judge to judge the effect of the prosecutor's argument upon the jury, we cannot say that defendant was prejudiced. On the whole record, we must agree with the trial court that the defendant received a fair trial.

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.