**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Wilburn BELLEW, Defendant-Appellant.**

**No. 11025.**

Missouri Court of Appeals,
Southern District,
En Banc.

Aug. 30, 1979.

John D. Ashcroft, Atty. Gen., M. Hillel Finkelstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Richard L. Parker, Asst. Public Defender, Vienna, for defendant-appellant.

PREWITT, Judge.

Defendant appeals from his fourth conviction of driving a motor vehicle while intoxicated. Section 564.440, RSMo 1969. He was sentenced to three years imprisonment.

Defendant makes one point on appeal. He contends that the trial court erred in allowing the prosecuting attorney to state in the final part of his closing argument: "There was no evidence of a Breathalyzer examination because that man refused to take one. That's why there's not one. Can't present it if he won't blow into the machine." The state answers that the comments were justified in refuting this argument of defendant's trial attorney:

"Secondly, what did the defendant testify to? He said he took two pain pills which he got from a doctor that day and he took them with beer, which is probably not the most smart thing to do. But we don't know what effect that might have. We don't have any percentage tests in this case to know what his blood-alcohol content was; no Breathalyzer test; we have no such evidence at all. Was this man intoxicated? That's the question."

There was no evidence of a refusal to take the breathalyzer test. Such evidence has been held inadmissible. *City of St. Joseph v. Johnson*, 539 S.W.2d 784, 787 (Mo. App.1976). Defendant, in the trial court, or here, did not argue that there was no refusal, but that it was not in evidence. Defendant is correct that the prosecutor's comments were more than just retaliatory argument. They were a statement of fact.

■ The cases generally hold that a prosecutor may not argue matters not in evidence. *State v. Hooker,* 536 S.W.2d 487, 489 (Mo.App.1976); *State v. Fox,* 510 S.W.2d 832, 838 (Mo.App.1974). However, where the argument complained of is retaliatory in nature, and invited by remarks of defendant's counsel, a claim of error will not be sustained. *State v. Knighton,* 518 S.W.2d 674, 681 (Mo.App.1975). Defendant's counsel did not merely refer to a lack of evidence of intoxication, but specifically referred to "no Breathalyzer test". The prosecutor can go further by way of retaliation than in the first instance, and the trial court has considerable discretion in permitting the use of retaliatory arguments. *State v. Knighton,* supra, 518 S.W.2d at 681. Other cases so holding are collected at 9A Mo.Digest, Criminal Law Key Number 726. The retaliatory statements of prosecutors have often been upheld as argument or illustration, but some cases have allowed factual statements outside the record. In *State v. Tehee,* 445 S.W.2d 285, 287 (Mo. 1969), the prosecutor, in referring to identification of defendant at lineups, said that witnesses were asked: "Did the police officer tell you which one it was, make any suggestion to you at all? No, sir." It was urged that there was no such evidence and that this was a prejudicial misstatement. On appeal the court found that this argument was retaliatory in replying to defense arguments regarding the lineups and was not manifestly inflammatory or unfair. The trial court was found not to have abused its discretion in failing to sustain an objection to the argument and in denying a request for new trial. In *State v. Granberry,* 484 S.W.2d 295 (Mo. banc 1972), the defense, in closing argument, challenged the state for not calling an officer who had questioned the defendant. In response, the prosecutor replied that this particular officer had been shot. On appeal it was held that if such comment was improper, it was invited error of which the defendant could not complain.

■ Defendant's counsel must have thought the argument that there was no breathalyzer test evidence to his client's advantage. The jurors had to know there was no such evidence. It was a short and uncomplicated trial. Counsel may have wanted to plant some inference in their minds as a result of there being no breathalyzer evidence. For whatever reason the comment was made, he could assume that it would bring a response. If the prosecutor's comments were improper, they were created by invited error. *State v. Granberry,* supra, 484 S.W.2d at 301. The trial court did not abuse its discretion in overruling the objection and denying a new trial.

A finding that the comments were not invited error, would not have entitled appellant to a new trial. A statement by a prosecutor referring to facts not in evidence does not necessarily create reversible error. In such instances the court should consider the entire record to determine if they were sufficiently prejudicial to have denied defendant a fair trial. *United States v. Le-Fevre,* 483 F.2d 477, 479 (3d Cir. 1973); *State v. Bailey,* 526 S.W.2d 40, 43 (Mo.App. 1975). Previous to counsel's arguments, the jury was instructed that closing arguments were intended to help the jury in understanding the evidence and applying the law, but were not evidence. Defendant's counsel so reminded the jury in his argument. The prosecuting attorney did not call upon the jury to make an inference of guilt from the refusal to take the breathalyzer test or infer that the breathalyzer test would have established that defendant was guilty. He likely sought to answer the argument of defense counsel; perhaps to correct any improper inferences he thought defense counsel had established. The comments were not such that would inflame the prejudices or excite the passions of the jury against the defendant. They were apparently true.

■ The defendant does not challenge the sufficiency of the evidence. It was more than sufficient that there was erratic driving and impaired ability. At trial defendant did not dispute the improper driving, but tried to contend that it was caused by taking two prescription pain pills with half a can of beer. He admitted to a "past"

drinking problem and three previous convictions for driving while intoxicated. A police officer and highway patrolman both testified as to defendant's inability to perform physical sobriety tests. Defendant's speech was slurred and he had a strong smell of intoxicants on his breath. Both officers believed defendant to be intoxicated. The record indicates that it would have been highly unusual for the jury to have acquitted him based on the evidence. Error which in a close case might call for reversal may be disregarded as harmless where the evidence of guilt is strong. *State v. De-Graffenreid,* 477 S.W.2d 57, 65 (Mo. banc 1972). In *State v. Green,* 534 S.W.2d 600, 602–603 (Mo.App.1976), the prosecutor argued that if the defendant was acquitted he would return to the business of forgery. These comments were held not prejudicial as they were phrased in mild language and there was strong evidence of guilt.

We have examined the record in the case and believe that the evidence was such that defendant's rights were not prejudiced. He is not entitled to a perfect trial—just a fair one. *State v. Bailey,* supra, 526 S.W.2d at 42. We believe the error, if any, was invited, and defendant cannot complain of it. We also find that the comments, even if error, were not so prejudicial under the circumstances of this case as would deprive defendant of a fair trial.

The judgment is affirmed.

All concur.