STATE of Missouri,
Plaintiff-Respondent,

v.

Daniel E. KIMBALL,
Defendant-Appellant.

No. 11873.

Missouri Court of Appeals,
Southern District,
Division One.

June 30, 1981.

Application to Transfer Denied
Sept. 8, 1981.

**30**

John D. Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for defendant-appellant.

GREENE, Presiding Justice.

Defendant, Daniel E. Kimball, was jury-tried and convicted of first degree robbery in violation of § 560.120, RSMo 1969. He was thereafter sentenced by the trial court to 40 years' imprisonment, after the court had determined defendant to be a second offender. This appeal followed.

The basic facts are that defendant entered the mobile home of Ricky Dye, put Dye in fear by pointing a sawed-off shotgun at him, bound and gagged the victim, and stole a stereo, two CB's, Dye's payroll check in the sum of $222, $13 in cash, and other items that belonged to Dye.

Defendant raises three points on appeal, the first two being that the trial court 1) erred in admitting into evidence a sawed-off shotgun, shotgun shell and defendant's wallet containing his driver's license, which items had been seized by the police during a search of the automobile defendant was driving at the time of his arrest, and 2) further erred in admitting into evidence oral and written statements made by defendant to police after his arrest. Defendant claims that the search of the automobile was unreasonable in violation of his Fourth and Fourteenth Amendment rights, and that his admissions and statements were taken in violation of his Fifth and Fourteenth Amendment rights. These identical arguments, based on the same evidence contained in the record here, were raised by this defendant and rejected by this court in *State v. Kimball*, 613 S.W.2d 932 (Mo.App. 1981).

During oral argument in this case, defendant's counsel urged that we reconsider our previous ruling of these two points in light of a recent decision by the Supreme Court of the United States in *Edwards v. Arizona*, —— U.S. ——, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). *Edwards* is not applicable. *Edwards* holds that once an accused has expressed a desire to have counsel present during interrogation, there must not be any further interrogation initiated by law enforcement officers unless the accused's attorney is present, or unless he knowingly and intelligently waives his right to counsel. In this case, defendant did not request counsel prior to making any statements, and executed a written waiver of his right to remain silent and of his right to counsel. Defendant's points one and two are denied for the reasons expressed in *State v. Kimball*, supra.

The only remaining point of claimed error is in connection with the trial court's refusal to declare a mistrial after a witness referred to "robberies" during his testimony. The witness was Detective Ted Hobson of the Springfield, Missouri Police Department. During questioning of Hobson by the prosecuting attorney, the following exchange occurred:

"Q. In the particular, at that address—on East Atlantic that you told the jury about, what did you see in regard to that address?

A. We saw a car that was in the garage that had been—the description had been furnished by an informant. Detective Coday gained this information from a female subject that fit the description of people who she said were pulling the armed robberies."

Defense counsel and the prosecuting attorney had stipulated prior to trial that neither would make any reference to multiple robberies committed by defendant. After

Hobson's answer, defense counsel moved for a mistrial because of the use of the term "robberies." The court, in denying the motion, said, outside of the presence of the jury:

> "The witness did use the term 'robberies' in the plural but objection was made before anything else occurred. It does not appear to the Court that the incident is so prejudicial that it would justify the relief of a mistrial. Mr. Lewis, be very careful in the way you couch your questions so that you will not have any further use of the term 'robberies' in the plural by this witness."

The prosecuting attorney asked for a recess to caution the witness not to refer to any other robbery other than the one for which defendant was being tried, which request was granted by the trial court.

The answer to the question made by the police officer appears to have been inadvertent, and was not prompted in any way by the prosecuting attorney. Further, the answer made no reference to the defendant as the person who was committing the robberies. Mistrial is a drastic remedy, which should be granted only when the incident complained of is so grievous that its prejudicial effect can be removed in no other manner. *State v. Rapheld*, 587 S.W.2d 881, 893 (Mo.App.1979). In complaints of this kind, prejudicial error must be determined upon the basis of the entire record. *Atkinson v. U. S.*, 344 F.2d 97, 101 (9th Cir. 1965). The record here demonstrates that the trial court did not abuse its discretion in denying the motion for mistrial. Even if one would categorize Hobson's reference to "robberies" as error, at best it was a technical error and not one of substance. Defendant was not entitled to a perfect trial but was entitled a fair trial, which he received. *State v. Bailey*, 526 S.W.2d 40, 42 (Mo.App.1975). Point three is denied.

The judgment is affirmed.

All concur.