108 F.3d 329
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Eversley ANDREWS, Defendant-Appellant.
 No. 96-1501.
 United States Court of Appeals, Second Circuit.
 March 6, 1997.
 
 APPEARING FOR APPELLANT:Philip L. Weinstein, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, New York.
 APPEARING FOR APPELLEE:David C. James, Assistant United States Attorney, Eastern District of New York, New York, New York (Zachary W. Carter, United States Attorney, Eastern District of New York, David P. Porter, Assistant United States Attorney, on the brief).
 PRESENT: ELLSWORTH A. VAN GRAAFEILAND, THOMAS J. MESKILL, JOSE A. CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 3
 Defendant Eversley Andrews appeals from his conviction, in the United States District Court for the Eastern District of New York, on one count of importation of cocaine in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(B) and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Defendant was sentenced following a jury trial to a term of 60 months imprisonment on each count, to run concurrently, a term of four years supervised release following imprisonment, and a special assessment of $100.
 
 
 4
 Defendant's only claim on appeal is that the district court erred when it denied his motion pursuant to Fed.R.Crim.P. 33 for a new trial on the ground that he was deprived of a fair trial because the government's closing argument allegedly contained misstatements of facts and relied on matters not in evidence. Specifically, defendant argues that the government made a series of assertions in its closing argument that were without factual support in the record, including: (i) that an airline employee's job is to recognize people; (ii) that announcements are made at airports warning people not to accept packages; (iii) that defendant had agreed, implicitly, to pay any excise taxes on the "rum" that he was carrying; (iv) that the odor of fried fish in defendant's knapsack would have diverted drug-sniffing dogs from the odor of cocaine; and (v) that there were drug-sniffing dogs at the airport. Defendant also argues that the prosecutor misstated the evidence during summation, by incorrectly stating that: (i) the defendant's knapsack was empty when he arrived at the airport; and (ii) the defendant knew that he shouldn't drink the bottles of "rum."
 
 
 5
 We find the defendant's argument to be without merit. Our reasons are as follows.
 
 
 6
 We review a district court's denial of a new trial motion under Fed.R.Crim.P. 33 for an abuse of discretion. United States v. Wong, 78 F.3d 73, 78 (2d Cir.1996). "Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." United States v. Young, 470 U.S. 1, 11 (1985); see also United States v. Pena, 793 F.2d 486, 490 (2d Cir.1986) ("In determining whether a prosecutor's statements require reversal, the test is whether the statements, viewed against the entire argument before the jury, deprived the defendant of a fair trial." (internal citation and quotation marks omitted)). "An improper summation requires a new trial only where the improper statements cause 'substantial prejudice' to the defendant." United States v. Eltayib, 88 F.3d 157, 172 (2d Cir.), cert. denied, 117 S.Ct. 619 (1996). To determine whether "substantial prejudice" exists, we consider three factors: (1) the severity of the misconduct; (2) the measures adopted by the district court to cure the misconduct; and (3) the certainty of conviction absent the improper statements. See United States v. Russo, 74 F.3d 1383, 1396 (2d Cir.), cert. denied, 117 S.Ct. 293 (1996).
 
 
 7
 We agree with the district court that the government did not commit any misconduct in the instant case. The government's statements in summation could either have been reasonably inferred from the evidence at trial, see United States v. Roldan-Zapata, 916 F.2d 795, 807 (2d Cir.1990), or stated facts that are matters of common knowledge, see United States v. LeFevre, 483 F.2d 477, 479 (3d Cir.1973). To the extent that the government arguably committed any misconduct in summation, we believe that, given the substantial evidence presented at trial against defendant, there was not any substantial prejudice to the defendant.
 
 
 8
 Accordingly, the judgment of the District Court is hereby AFFIRMED.