**UNITED STATES of America,**
**Appellee,**

v.

**Michael HARRIS, Defendant–**
**Appellant.**

**Docket No. 04–6261.**

United States Court of Appeals,
Second Circuit.

July 25, 2005.

Kevin J. Keating, Law Office of Kevin J. Keating, Garden City, NY, for Appellant.

Elizabeth J. Kramer, Assistant United States Attorney, Eastern District, of New York, Brooklyn, N.Y. (Roslynn R. Mauskopf, United States Attorney, and Peter A., Norling, Assistant United States Attorney, on the brief)., for Appellee.

Present: POOLER, SACK, Circuit Judges, and GARAUFIS, District Judge.*

**SUMMARY ORDER**

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **RE-MANDED** with directions to vacate the sentence and resentence in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Michael Harris appeals a judgment of conviction for two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and the resulting sentence of 262 months imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues, and hold as follows:

■ (1) The district court did not clearly err, *see United States v. Bautista,* 23 F.3d 726, 729 (2d Cir.1994), by admitting proof of the identification of defendant by two witnesses at a showup procedure. We agree with the district court that even assuming that the showup was unnecessarily suggestive, the identifications were reliable because (1) the two witnesses had a good opportunity to observe the robber during the crime; (2) both witnesses had a motive to focus on the robber; (3) the description of the robber given by one of the witnesses prior to the showup closely matched defendant's actual appearance; (4) both witnesses were very certain of their identification; and (5) the showup took place very shortly after the crime. *See United States v. Tortora,* 30 F.3d 334,

338 (2d Cir.1994) (describing the relevant factors in determining reliability).

(2) Defendant's objection to a prosecutorial comment during summation is ill-founded because the government argued only that the jury should draw inferences from facts in evidence viewed in the light of facts within common knowledge. *See United States v. LeFevre,* 483 F.2d 477, 479 (3d Cir.1973); *Tenorio v. United States,* 390 F.2d 96, 99 (9th Cir.1968).

■ (3) The district court committed no error requiring reversal by refusing to give a specific charge on the government's possible loss of a written description of the putative robber made by a bank teller. *See United States v. Torres,* 845 F.2d 1165, 1171 (2d Cir.1988) (holding that the failure to give a requested charge requires reversal only if the defendant "show[s] that the requested charge accurately reflected the law and that viewing the charge actually given as a whole, he was prejudiced"). Harris made no showing of prejudice and did not demonstrate that the charge was legally required.

As defendant failed to establish either that the description was exculpatory or that the government acted in bad faith, his right to due process was not violated by the loss of the evidence. *See Arizona v. Youngblood,* 488 U.S. 51, 57–58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).

■ (4) Harris is entitled to remand for resentencing in conformity with *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because "compulsory use of the [United States Sentencing] Guidelines was erroneous, and [Har-

* The Honorable Nicholas G. Garaufis of the United States District Court for the Eastern District of New York, sitting by designation.

ris] preserved his objection to that error." *United States v. Fagans,* 406 F.3d 138, 142 (2d Cir.2005).

We therefore affirm Harris's conviction but remand to the district court with directions to vacate the sentence and resentence in accord with *Booker.*