VALIHURA, Justice,
for the Majority:
Pending before this Court is an appeal from Manuel Morales’s (“Morales”) conviction and sentence in the Superior Court. After a two-day trial, Morales was found not guilty of Offensive Touching, but guilty of Robbery First Degree. He was sentenced to ten years of incarceration at Level V, suspended after three years for decreasing levels of supervision. Seeking reversal of his conviction and sentence, Morales argues for the first time on appeal that the prosecutor’s statement to the jury during summation that he was “clearly guilty” denied him a fair trial.
As set forth below, the prosecutor’s improper comment did not amount to plain or repetitive error requiring reversal, and we, therefore, AFFIRM Morales’s conviction and sentence.
I. FACTUAL AND PROCEDURAL BACKGROUND
On August 3, 2013, Morales entered a Metro PCS store on Kirkwood Highway in Elsmere, Delaware. While holding a pair of scissors, Morales approached Ruth Rodriguez (“Rodriguez”), the sole Metro PCS employee present in the store.[1] Morales jumped over the counter and demanded money, indicating that, if Rodriguez did not comply, he would kill her. When Rodriguez opened the register, Morales took *529 money out of it. As he ran out of the store, Morales collided with Kelly Fossett (“Fossett”), who was entering the store through the front door. Fossett watched Morales run up a side street toward the rear of the building. The police arrested Morales over a month later, on September 20,2013.
On May 20 and 21, 2014, trial was held for Morales on charges of Robbery First Degree and Offensive Touching.[2] The case centered on identity evidence. Rodriguez and Fossett provided in-court identifications of Morales, based, in part, on their recognition of a tattoo on his neck.[3] Rodriguez and Fossett also testified regarding their separate pre-trial photo identifications of Morales. In addition, the jury viewed a video obtained from the store’s surveillance camera. The video showed a tattoo in the shape of a skull on the robber’s left arm that matched a tattoo on Morales’s left arm. However, no physical evidence linked Morales to the robbery: a K-9 failed to track the perpetrator; the police did not recover the scissors, money, or items of clothing matching those worn by the robber; and Morales’s fingerprints were not found at the store. The jury convicted Morales of Robbery First Degree.
II. ANALYSIS
A. Contentions of the Parties
On appeal, Morales argues that a statement by the prosecutor in her rebuttal closing argument was an impermissible expression of her personal belief thát he was guilty. At trial, the prosecutor argued to the jury: “[t]he defendant is clearly guilty of robbery that happened that day. I ask you to return a verdict of guilty on both offen[s]es.”[4] The State responds that the comment was a proper argument based on the evidence.
B. Standard and Scope of Review
Because, at trial, Morales did not timely object to the prosecutor’s statement and the trial judge did not intervene sua sponte, we review for plain error.[5] “[Tjhe doctrine of plain error is limited to material defects which are apparent on the face of the record[;] which are basic, serious, and fundamental in their character^] and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice.”[6]
Plain error review of asserted prosecutorial misconduct requires a tripartite analysis.[7] First, we examine the record de *530 novo to determine whether misconduct occurred.[8] If this Court finds no misconduct, the analysis ends.[9] Second, we apply the standard articulated in Wainwright v. State[10] to determine whether any misconduct constituted plain error.[11] To satisfy Wainwright, the defendant must show that “the error complained of [was] so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.”[12] If this Court finds plain error under Wainwright, it must reverse without reaching the third step of the analysis. Third, even if the misconduct does not require reversal under Wainwright, this Court may reverse under Hunter v. State[13] if it finds that “the prosecutor’s statements are repetitive errors that require reversal because they cast doubt on the integrity of the judicial process.”[14]
C. The Prosecutor's Statement to the Jury Did Not Deny Morales the ■ Right to a Fair Trial
1. ■ The Prosecutor’s “Clearly Guilty” Comment Was Improper [3] This Court has repeatedly held that it is improper for a prosecutor to express his or her personal belief or opinion as to the guilt of a defendant.[15] Such comments, when made without qualification, risk denying a defendant’s right to a fair trial by “emasculating] the constitutionally guaranteed presumption of innocence.” [16] Accordingly, improper remarks that “prejudicially affectf ] substantial rights of the accused” ordinarily require reversal.[17]
The State argues that, without the prosecutor stating “I believe” or “I think,” the prosecutor’s statement cannot be transformed into an expression of the prosecutor’s opinion.[18] But, as this Court *531 recently concluded in Spence v. State,[19] a plain statement to the jury that a defendant is guilty is improper.[20] In Spence, the prosecutor displayed a PowerPoint slide to the jury, which incorporated bold, italicized, and proportionately enlarged text that read: “The defendant is guilty of all the charges against him.”[21] This Court held that the statement was improper, and that “the State should Rave. included a qualifier before its statement, suph as, for example, ‘the evidence demonstrates.’”[22]
Here, the prosecutor stated the following to the jury during closing argument: “The defendant is clearly guilty of robbery that happened that day. I ask you to return a verdict of guilty on both of-fences.”[23] These words were the last that the jury heard prior to receiving instructions from the trial judge and beginning their deliberations.[24] As in Spence, the prosecutor here did not temper the statement with' qualifying language. Accordingly, the statement was improper.[25] Like , the United States Court of Appeals for the Third Circuit,-. we also “recognize the line between permissible and -impermissible- comment is •& thin one, and precision- of expression ’ can be difficult.”[26] Nevertheless, we continue to disapprove of *532 expressions of personal opinion by prosecutors on credibility and guilt. In cases such as the instant one, however, our analysis does not end upon reaching a determination that a prosecutorial comment was improper.
2. The Prosecutorial Misconduct Did Not Amount to Plain Error
Under Wainwright, this Court will reverse if “the error complained of [was] so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.”[27] Stated otherwise, the error “must have affected the outcome of the trial.”[28] In cases implicating improper vouching, “plain error is more likely to be found ... where witness credibility is central [to] a ‘close case,’ and where the error is so egregious that the trial judge should have intervened sua sponte to correct it.”[29]
Morales contends that the State’s evidence against him was limited to two “quick and tense” eyewitness identifications, without any corroborating, physical evidence. The State did not brief the plain error analysis, relying instead on its argument that the statement was not prosecutorial misconduct.[30]
Because the evidence against Morales predominantly consisted of witness identifications, witness credibility was central to the case. Additional evidence corroborated the eyewitness testimony of Rodriguez and Fossett, such that the case was not close. Morales had two distinctive tattoos, including one on his neck that both witnesses described and that the jury viewed in person. Based on the robber’s neck tattoo and the portion of the robber’s face Rodriguez was able to view during the commission of the crime, Rodriguez identified Morales in a pre-trial photo lineup and in court. Fossett, who came face-to-face with Morales as he was running out of the store, also identified him as the robber in a pre-trial photo lineup and in court. These identifications were corroborated by a store surveillance video, which showed that the robber had a tattoo on his arm matching one on Morales’s arm.
In view of the evidence in favor of conviction, the prosecutor’s “clearly guilty” statement was not so clearly prejudicial as to jeopardize the fairness and integrity of the trial process. Consequently, the misconduct does not satisfy the Wainwright standard.
Finally, we proceed by applying the third analytical step in the plain error analysis, the Hunter test. The prosecutorial misconduct here was isolated to one statement during summation, and did not constitute repetitive errors that require reversal.
III. CONCLUSION
Although the prosecutor’s statement during her rebuttal closing argument that “[t]he defendant is clearly guilty” was improper, it was neither plain error under *533 Wainwright nor repetitive error requiring reversal under Hunter. Accordingly, we AFFIRM Morales’s conviction and sentence.

. Rodriguez stated that she was "98 percent to 100” percent certain that Morales held scissors.

. A grand jury charged Morales with Robbery First Degree and two counts of Offensive Touching. The State entered a nolle prosequi on one of the Offensive Touching counts and proceeded to trial on the Robbery First Degree count and only one count of Offensive Touching.

. After a colloquy with the trial court, and with permission from defense counsel, the State requested that Morales display his neck tattoo for the jury by having him stand alongside the jury box, in front of the prosecutor’s table. Further, at trial, defense counsel noted several times that the pre-trial photo lineup included only one individual with a neck tattoo — Morales.

. A13 (Tr. 32:3-6).

. Baker v. State, 906 A.2d 139, 150 (Del.2006) (“Where defense counsel fails to raise a timely and pertinent objection to alleged prosecuto-rial misconduct at trial and the trial judge does not intervene sua sponte, we review only for plain error.”) (citations omitted).

. Id. (citing Wainwright v. State, 504 A.2d 1096, 1100 (Del.1986)).

. See Spence v. State, 199 A.3d 212, 219-30 (Del.2015).

. Baker, 906 A.2d at 150.

. Id.

. 504 A.2d 1096 (Del.1986).

. Baker, 906 A.2d at 150.

. Wainwright, 504 A.2d at 1100 (citing Dutton v. State, 452 A.2d 127, 146 (Del.1982)).

. 815 A.2d 730 (Del.2002).

. Id. at 733.

. See, e.g., Spence, 129 A.3d at 229; Kirkley y. State, 41 A.3d 372, 378 (Del.2012); Brokenbrough v. State, 522 A.2d 851, 858 (Del.1987).

. Kirkley, 41 A.3d at 378. See also Holtzman v. State, 1998 WL 666722, at *9 (Del.,July 27, 1998) (discussing the defendant’s right to a verdict decided “exclusively on the properly admissible evidence” and concluding that a prosecutor's statements expressing his personal belief that “[t]he defendant is guilty[,]” that the alleged victim was truthful in her testimony, and that the prosecutor could not "find a great deal of nice things to say about someone who [committed the alleged acts]” constituted plain error).

. Brokenbrough, 522 A.2d at 855 (citation omitted). In Brokenbrough, this Court cited with approval United States v. LeFevre, 483 F.2d 477 (3rd Cir.1973), and noted that "the Third Circuit and the ABA [Standards Relating to the Prosecution Function and the Defense Function] condemned expressions of personal opinion by prosecutors relating to credibility and guilt, even when it was clear that the comments of personal opinion by the prosecutor in his closing argument were based on the evidence.” Brokenbrough, 522 A.2d at 859 (citation omitted). The Third Circuit, in LeFevre, further observed that "such comments, if based on the evidence, are not reversible errors per se.... ” LeFevre, 483 F.2d at 479.

. Use of the first person by a prosecutor is not a necessary predicate for a finding of improper expression of personal opinion as to the guilt or innocence of a defendant — mere implication or insinuation that the defendant is guilty will ordinarily suffice. See Berger v. U.S., 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935) (observing that a prosecutor’s “improper suggestions, insinuations, and, es *531 pecially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none”) (emphasis • added); Kirkley, 41 A.3d at 376-77 ("The prosecutor plays a special role in. the adversarial system that is not limited to representing the State but also includes the responsibility as a minister of justice. This responsibility demands that the prosecutor avoid improper suggestions, insinuations, and assertions of personal knowledge in order to ensure that guilt is decided only On the-basis of sufficient evidence.”) (citations omitted) (emphasis added). . ,

. 129 A.3d 212 (Del. 2015).' The current version of the ABA Prosécution Function provides: "The prosecutor should not express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.” ABA Prosecution Function Standard 3-5.8(b) Argument to the Jury- (1993). Further, the ABA Prosecution Function sets forth: "The prosecutor should refrain from argument which would divert the juty from its duty to decide the case on the evidence.” Id. at 3-5.8(d).

. Spence, 129 A.3d at 227.

. Id. (emphasis removed).

. Id.

. A13 (Tr. 32:3-6) (emphasis added).

. See A13-14.

. Our sister courts have reached similar conclusions., For example, in Pantano v. State, 122 New 782, 138 P.3d 477 (2006), the Supreme Court of Nevada considered the following prosecutorial statement: "There’s -no doubt he’s guilty.. This i§ a- parent’s worst nightmare. Make them feel better. Thank you.” Id. at 484. The Staté argued that the . prosecutor made this statement after discussing the evidence. The .Nevada Supreme Court observed: "Regardless of any logical or rhetorical connection that the State might wish .to draw- during closing argument, this type of comment is always improper. With regard to the statement, ‘[tjhere’s no doubt he’s guilty,’ the prosecutor improperly stated her personal opinion regarding' [the defendant’s] guilt.” Id. (alterations in original ¡and added) (citation omitted). A similar result was reached in Commonwealth v. Torres, 437 Mass. 460, 772 N.E.2d 1046 (2002). There, the Supreme Judicial .Court of Massachusetts concluded that the following prosecutorial ' statement was improper: “He’s guilty as charged.” Id. at 1051. The Supreme Judicial Court of Massachusetts concluded that the statement amounted to an "improper statement of personal belief." Id. (citation omitted). See also Watters v. State, - Nev. -, 313 P.3d 243, 248 (2013) ("The prosecution could not orally declare the defendant guilty in opening statement[s]. Doing so would amount to improper argument and the expression of personal opinion on the défen- . dant’s. guilt, which is forbidden.”) (emphasis in original) (citation omitted),

. LeFevre, 483 F.2d at 479.

. Wainwright, 504 A.2d at 1100 (citing Dutton, 452 A.2d at 146).

. Keyser v. State, 893 A.2d 956, 959 (Del.2006) (citing U.S. v. Olano, 507 U.S. 725, 732-34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); Wainwright, 504 A.2dat 1100).

. Whittle, v. State, 77 A.3d 239, 248 (Del. 2013) (citing Clayton v. State, 765 A.2d 940, 944 (Del.2001)).

.Ans. Br. 10-11 ("Because there was no prosecutorial misconduct, the Court’s analysis ends. There is no need to engage in an analysis under Wainwright (plain error) or Hunter (repetitive error that casts doubt on the integrity of the judicial process).”).