# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            )
                             )
                             )
    v.                       )
                             )
PRESTON WARD,                )        Cr. ID. No. 1806006562
                             )
    Defendant.               )
                             )

Submitted: September 4, 2019
Decided: November 19, 2019

On Defendant's Motion for a New Trial
**DENIED**

## <u>ORDER</u>

Defendant was charged with one count of Sexual Abuse of a Child by a Person in a Position of Trust.[1]  Defendant was indicted by a grand jury on August 13, 2018.  Trial began on July 16, 2019, and ended on July 18, 2019.  The jury found Defendant guilty.  Defendant filed a Motion for a New Trial on July 25, 2019, and the State filed a response in opposition on August 30, 2019.

---

[1] 11 *Del.* C. § 778A.

1

## STANDARD OF REVIEW

Superior Court Criminal Rule 33 authorizes the Court to grant a new trial upon motion by the defendant "if required in the interest of justice."[2] Viewing the evidence in the light most favorable to the State,[3] a motion for a new trial will not be granted "if there was some probative evidence upon which a verdict of guilt could reasonably be based."[4] The Court must refrain from granting the motion unless the verdict "appears to be against the great weight of the evidence."[5]

## ANALYSIS

In support of his Motion for a New Trial, Defendant alleges: (1) prosecutorial misconduct; (2) the verdict is against the great weight of the evidence; and (3) the victim recanted.

### *Prosecutorial Misconduct*

Defendant alleges that the State misrepresented facts during closing argument, and during trial improperly introduced into evidence a recorded interview. Defendant did not timely object to either the alleged improper statements or the admission of the recorded interview.

---

[2] SUPER. CT. CRIM. R. 33.
[3] *State v. Rebarchak*, 2002 WL 1587855, at *1 (Del. Super.) (citing *Hutchins v. State*, 153 A.2d 204, 206 (Del. 1959)).
[4] *State v. Pardo*, 2015 WL 6945310, at *3 (Del. Super.).
[5] *Id.* at *3.

2

When a defendant fails to make a timely objection, the Court will apply the plain error standard.[6] Plain error review is "limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right or which clearly show manifest injustice."[7] The Court first examines "the record *de novo* to determine whether prosecutorial misconduct occurred."[8] The Court then applies the *Wainwright* standard under which "[t]he error complained of must be so clearly prejudicial to substantial rights [of the defendant] as to jeopardize the fairness an integrity of the trial process."[9] If the Court finds plain error, then the Court must reverse.[10]

*Closing Statement*

Defendant asserts that the State falsely represented that the victim recanted only recently. The State responds that it did not misrepresent the victim's testimony.

The State asserts that the victim and her mother did not recant because neither has claimed that their June 10, 2018 statements were false. The State

---

[6] *Morales v. State*, 133 A.3d 527, 529 (Del. 2016); *see also Spence v. State*, 129 A.3d 212, 226 (Del. 2015); *Baker v. State*, 906 A.2d 139, 150 (Del. 2006).
[7] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[8] *Baker*, 906 A.2d at 150; *see also Morales*, 133 A.3d at 530.
[9] *Wainwright*, 504 A.2d at 1100.
[10] *Baker*, 906 A.2d at 150.

further argues that the timing of the alleged recantation is not a material fact that would change the outcome of the trial.

During closing arguments, the State noted the time between the victim's initial statement and the victim's testimony at trial and suggested potential reasons for a discrepancy.[11] The Court finds that Defendant fails to establish that the timing was material. Thus, there is no plain error in the State's representations of the victim's changing testimony.

The Defendant also alleges that the State misled the jury by referring to DNA evidence as "seminal fluid." The State responds that it did not incorrectly identify the DNA sample taken from the victim's bedsheet. The State asserts that, although the analyst was unable to identify the sample with 100% certainty, "[d]uring summation, a prosecutor may argue an inference which could be drawn from the evidence."[12] The State argues that its closing argument properly represented the analyst's testimony. The State referred to the evidence as follows:

> But then we had one more thing we talked about, which was the fitted sheet, the fitted sheet around Alex's bed. The fitted sheet was positive for male DNA. Again, don't know who at this point, right, this is the first step of the process, but she sees male DNA here so Ms. Kleiser takes a sample, and she's going to take that sample for further testing.

---

[11] Transcript of Trial at 106 (Jul. 18, 2019) ("Members of the jury, common sense will tell you that a person's memory is better closer in time to an event. It's been over a year. A lot has happened since then. But we're talking about what happened on June 10th, 2018....").
[12] *Dailey v. State*, 956 A.2d 1191, 1195 (Del. 2008) (quoting *Daniels v. State*, 856 A.2d 1008, 1011 (Del. 2004)) (internal quotations omitted).

4

What was the other important thing about that test, it was positive for seminal fluid. Now, granted she said that the seminal fluid test could be a false, it could -- like, for numerous reasons, but she tested it anyway because of the strong reaction that it had.[13]

The DNA analyst testified that the Brentamine test is the preliminary test used to identify possible semen stains.[14] The analyst testified that the DNA found on the victim's bedsheet had a strong positive reaction to the Brentamine test.[15] During closing arguments, the State referred to this positive reaction. The State also clarified that the DNA might not be seminal fluid despite the positive Brentamine test reaction. The State did not specifically refer to the DNA as "seminal fluid" during closing argument. The Court finds that the State did not commit plain error when it accurately represented witness testimony as to DNA analyst test results for seminal fluid.

*Recorded Interview*

The Defendant contends that the State improperly introduced a recorded interview of the victim. The Defendant does not explain his legal basis for his argument.

---

[13] Transcript of Trial at 86 (Jul. 18, 2019).
[14] *Id.* at 57 & 65.
[15] *Id.* at 57.

The State cites Section 3507 of Delaware Code Title 11. Section 3507 permits admission of prior statements as affirmative evidence.[16] The State notes that this interview was admitted without objection because the parties had agreed, prior to trial, upon redactions to the recording.[17] The State also points out that the victim testified at trial, and was subject to cross examination.

The recorded interview was a prior statement of the victim properly admitted as affirmative evidence pursuant to 11 *Del.* C. § 3507. The Court finds no plain error on the face of the record demonstrating prosecutorial misconduct.

### *Great Weight of the Evidence*

Defendant asserts that the verdict is against the great weight of the evidence because "[t]here was no direct evidence that produced any indication that the [D]efendant committed any crime."[18] Defendant contends that the DNA evidence collected from the victim's genitals is "inf[in]itesimal and unidentifiable,"[19] and

---

[16] *See* 11 *Del.* C. § 3507(a) ("In a criminal prosecution, the voluntary out-of-court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value.").

[17] The record will show that Defense counsel only objected on the grounds that the redacted video had poor audio quality. Upon resolution of the issue regarding audio quality, the recording was admitted pursuant to Section 3507 without objection.

[18] Def.'s Mot. ¶ 2 (Jul. 30, 2019).

[19] *Id.*

thus cannot show sexual contact between the victim and Defendant, which is an element of the crime.[20]

The State responds that "a rational trier of fact *could* find beyond a reasonable doubt the existence of every element of the offense charged."[21] The State also correctly notes that "Delaware law allows the State to convict an individual solely on circumstantial evidence."[22] The State lists the following evidence in support of its argument:

(1) Defendant was found in bed with the victim with the door closed on June 10, 2018, a fact Defendant did not contest;

(2) The victim, shortly thereafter during the sexual assault examination, confirmed that Defendant made contact with her genitals that morning, and on other occasions;

(3) The victim made the same statements regarding Defendant's contact with her genitals to the CAC forensic interviewer;

(4) The DNA evidence on the victim's genitals was confirmed by the analyst to be male; and the analyst testified that presence of male DNA on female genitals is abnormal; and

---

[20] 11 *Del.* C. § 778A.
[21] *Bodan v. State*, 1992 WL 401567, at *1 (Del.) (emphasis added).
[22] *Vincent v. State*, 996 A.2d 777, 779 (Del. 2010).

(5) Defendant's DNA was present on the victim's bedsheet.

The question the Court must answer is whether "there was some probative evidence upon which a verdict of guilt could reasonably be based."[23] The Court finds that there was sufficient evidence for the jury to find Defendant made sexual contact with the victim. Thus, there was sufficient evidence for the jury to find Defendant guilty of one count of Sexual Abuse of a Child by a Person in a Position of Trust.

### Victim Recanted

The Defendant argues that the Court must grant a new trial because the victim recanted. The State reiterates its position that the victim did not recant. However, the State argues that, even if the victim recanted, "[a] motion for a new trial on the basis of recantation is generally viewed with suspicion."[24]

The jury is responsible for determining witness credibility.[25] The victim testified, and was subject to cross-examination. The jury also watched the victim's

---

[23] *State v. Pardo*, 2015 WL 6945310, at *3 (Del. Super.) (citing *Rebarchak*, 2002 WL 1587855, at *1); *see also State v. Biter*, 119 A.2d 894, 898 (Del. Super. 1955); *Price v. State*, 1996 WL 526013 (Del.)).
[24] *State v. Vincent*, 1995 WL 109098, at *5 (Del. Super.).
[25] *Bradley v. State*, 193 A.3d 734, 738 (Del. 2018) ("On appeal, this Court defers to the jury's factual findings because the jury is the sole trier of fact responsible for determining witness credibility, resolving conflicts in testimony and for drawing any inferences from the proven facts") (internal citations omitted).

8

recorded interview. Thus, the jury was aware of the victim's changing story. The jury nevertheless found the Defendant guilty.

The Court finds that under the facts and circumstances in this case, the victim's changing statements do not warrant a new trial. The Court finds that the jury was aware of, and had the opportunity to consider, the victim's changing statements in light of all other evidence. The Court also notes that Delaware courts consistently have found that child sexual abuse victim recantations are inherently unreliable by nature.[26]

## CONCLUSION

The Court finds that Defendant fails to establish that there is plain error in the State's representations of the victim's changing testimony. The Court finds that the State did not commit plain error when it accurately represented witness testimony as to DNA analyst test results for seminal fluid. The Court finds that the recorded interview was a prior statement of the victim, properly admitted as affirmative evidence pursuant to Delaware Code Title 11, Section 3507. Therefore, the Court finds no plain error on the face of the record demonstrating prosecutorial misconduct.

---

[26] *State v. Vincent*, 1995 WL 109098, at *6 (citing cases where Delaware courts denied motions based on victim recantation); *see also State v. Russo*, 700 A.2d 161 (Del. Super. 1996) ("[A] recantation is received with great caution in a sexual misconduct case when the recanting witness is a relative of the defendant.").

9

The Court finds that there was sufficient evidence for the jury to find the Defendant made sexual contact with the victim. Therefore, there was sufficient evidence for the jury to find Defendant guilty of one count of Sexual Abuse of a Child by a Person in a Position of Trust.

The Court finds that under the facts and circumstances in this case, the victim's changing statements do not warrant a new trial. The Court finds that the jury was aware of, and had the opportunity to consider, the victim's credibility and changing statements in light of all the other evidence. The Court also notes that Delaware courts have consistently found that child sexual abuse victim recantations are inherently unreliable by nature.[27]

**THEREFORE,** the Court will not overturn Defendant's conviction, and Defendant's Motion for a New Trial is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[27] *State v. Vincent,* 1995 WL 109098, at *6 (citing cases where Delaware courts denied motions based on victim recantation); *see also State v. Russo,* 700 A.2d 161 (Del. Super. 1996) ("[A] recantation is received with great caution in a sexual misconduct case when the recanting witness is a relative of the defendant.").